UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 70 |

    A 30(b)(6) deposition generally counts as a single deposition, even if the deposed organization designates multiple witnesses to testify. *See* Fed. R. Civ. P. 30(a)(2)(A) advisory committee's notes (1993 amendment). But if the questioner asks the organization's witnesses to answer questions outside the scope of the noticed 30(b)(6) topics, based on personal knowledge, then there are effectively two depositions in one, one of the organization and one of the individual. Fairness considerations weigh in favor of counting such hybrid question-and-answer sessions as two depositions. For if it were otherwise, the questioner could get around court-imposed numerical limits on depositions by using 30(b)(6) depositions as cover for deposing more people.[1]

    These considerations are in play here. The plaintiffs noticed a 30(b)(6) deposition of Umpqua Bank, and Umpqua selected three witnesses to testify. The plaintiffs then asked those witnesses a variety of questions, some on the noticed 30(b)(6) topics and some on topics that required the witnesses to testify in their individual capacities. Having taken that approach, the

---

[1] Some courts have held otherwise and allowed hybrid depositions to be counted as a single deposition. *See, e.g.*, *Laryngeal Mask Co. v. Ambu A/S*, 2009 WL 10672436, at *3 (S.D. Cal. July 17, 2009) (citing *Detoy v. City and Cty. of S.F.*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)). The undersigned doesn't find these decisions persuasive. More persuasive are decisions like *LKQ Corp. v. Gen. Motors Co.*, No. 20-C-2753, 2021 WL 4125097, at *4 (N.D. Ill. Sept. 9, 2021), in which the court reasoned that "if plaintiff feels it is important enough to also depose corporate designates as individuals, those have to be counted, individually, against the presumptive limit of ten."

plaintiffs cannot now count this as a single deposition. Instead it will be counted as four depositions, three of the individuals and one of the organization.

In addition to those four depositions, the plaintiffs have taken four more and scheduled two others. Adding them together (including the scheduled ones), the plaintiffs have reached the ten deposition limit. *See* Dkt. 36 ¶ 3; Fed. R. Civ. P. 30(a)(2)(A)(i). This limit can be modified, but the plaintiffs must first make "a particularized showing of the need for additional depositions." *X One, Inc. v. Uber Techs., Inc.*, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019) (M.J., Van Keulen) (simplified). Here they haven't done so. They have identified two more individuals and one other organization that they'd like to depose (which would bring their total to thirteen) but they haven't explained why they need these extra depositions. Their request to take them is therefore denied, without prejudice. If the plaintiffs are later able to identify with particularity why they need more depositions, they can return to Court and request leave to take them.

**IT IS SO ORDERED.**

Dated: January 12, 2022

ALEX G. TSE
United States Magistrate Judge