UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELA CAMENISCH, et al.,

    Plaintiffs,

v.

UMPQUA BANK,

    Defendant.

Case No. 20-cv-05905-RS

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiffs in this putative class action are victims of an alleged Ponzi scheme carried out by Ken Casey through two companies he founded and controlled—Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund, Inc. ("PISF"). Casey is deceased, and PFI and PISF are in bankruptcy. Plaintiffs therefore seek to recover damages from Umpqua Bank, the financial institution that handled all the accounts of PFI and PISF. Umpqua moved to dismiss the original complaint, contending plaintiffs had not alleged sufficient facts to show it had actual knowledge of the Ponzi scheme, that it provided "substantial assistance" to Casey and his companies in the wrongdoing, or that it had knowledge that Casey and the companies were breaching fiduciary duties to plaintiffs. The motion was denied, although the order observed the question was close.

Plaintiffs subsequently filed an amended complaint naming two additional proposed class representatives, but making no substantive changes to any of the other allegations. Umpqua now challenges the amended complaint on two basic grounds. First, in a footnote, Umpqua suggests the

amended complaint be stricken, because plaintiffs did not obtain leave of court before filing it. Plaintiffs, however, respond that the amended complaint was filed before the scheduling order deadline that permits further amendments only with leave. Umpqua does not press the argument on reply, nor would it be in Umpqua's interest to do so. Were the amended complaint stricken, the original complaint would again be operative, and it has already survived dismissal.

Umpqua instead focuses on its other argument, which urges the court to reach a different result than it did at the time of the first motion to dismiss, even though the substantive allegations are unchanged. To that end, Umpqua relies on an unpublished Ninth Circuit decision, *Paskenta Band of Nomlaki Indians v. Umpqua Bank*, 846 F. App'x 589 (9th Cir. 2021), which issued a few months after the order denying the motion to dismiss in this case. *Paskenta* affirmed a dismissal without leave to amend in a case against Umpqua where executive employees of the Paskenta Band of Nomlaki Indians ("the Tribe") allegedly embezzled millions of dollars from the Tribe's bank accounts at Umpqua by withdrawing large sums of money for their personal use, over the course of more than a decade.

Umpqua also relies on the three district court-level dismissals of the complaint (culminating in the dismissal without leave that was the subject of the appeal.) *See Paskenta Band of Nomlaki Indians v. Crosby*, 122 F. Supp. 3d 982, 990 (E.D. Cal. 2015); *Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 WL 1587233, at *6 (E.D. Cal. Apr. 20, *Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 WL 6094468, at *7 (E.D. Cal. Oct. 19, 2016). Umpqua recognizes that the district court decisions and the unpublished memorandum disposition at the circuit level are not controlling, but it urges they are all highly instructive. None of them, however, represent new or different law. Indeed, while the district court opinions all issued prior to the initial motion to dismiss in this case, Umpqua did not cite them in its prior briefing.

Rather, the *Paskenta* decisions represent application of the same basic legal standards to a slightly different set of facts, with a different ultimate result. As the first order here recognized, this is a close case at the pleading stage, and it may very well be that plaintiffs will be unable to

establish the requisite knowledge to support liability. While the *Paskenta* decisions may reinforce how close the call was, they do not serve as a basis to reach a different result now, on allegations that have not changed. The motion to dismiss is denied.

**IT IS SO ORDERED**.

Dated: January 20, 2022

_____
RICHARD SEEBORG
Chief United States District Judge