UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 68, 74 |

1. For the 152 Actimize alerts pertaining to PFI, Umpqua must produce the associated account numbers and transaction details. Those facts will help contextualize each alert, and the alerts are relevant. Umpqua reports that Actimize doesn't have "an export function for alert information or details," Dkt. 68 at 5, but the bank can manually extract this data. The extraction may be tedious, but the benefit here outweighs the burden.

As for the analyst notes accompanying each alert, the Court previously concluded that they were protected by the suspicious activity report privilege. *See* Dkt. 59 at 2–3 (document no. 20). Umpqua need not produce them. Umpqua also needn't allow the plaintiffs to inspect the Actimize system, which contains privileged information that would be difficult to safeguard.

2. Umpqua doesn't dispute that the monthly statements it generated for PFI's bank accounts often didn't show the names of the parties sending or receiving funds. *See* Dkt. 74 at 1. Those names would be helpful for tracking the flow of funds, which is relevant in this case about a Ponzi scheme. Since the names don't appear on the account statements, Umpqua must produce deposit slips, check images, and documentation of the senders and recipients of PFI's wires. *See id.* The plaintiffs timely requested these additional documents, and Umpqua hasn't shown that the burden or expense of producing them will outweigh the likely benefit.

3. In response to RFPs 17–20, Umpqua need not produce additional internal reports that mention PFI, Ken Casey, or Lewis Wallach. The plaintiffs believe these reports may show that

Umpqua "significantly benefited from PFI's business," which would have given Umpqua a "motive for aiding and abetting" PFI's scheme. *Id.* at 2.  But as Umpqua notes, and the plaintiffs don't dispute, motive isn't an element of aiding and abetting fraud. *See Casey v. U.S. Bank Nat. Ass'n.*, 127 Cal. App. 4th 1138, 1144 (2005) (identifying the elements of an aiding-and-abetting claim). And even if motive was relevant, the reports are cumulative. Umpqua already produced emails "establishing that PFI was the Novato branch's number-one business client." Dkt. 74 at 2.

4. Umpqua previously agreed to search six custodians' emails for messages referencing PFI, PISF, or Professional Financial Investors. The plaintiffs now seek a court order that would require Umpqua to run the same search for nineteen new custodians, who collectively have around 4,400 unproduced emails mentioning one or more of the three proposed terms. *See id.* at 2–3.

The nineteen people in question were further removed from PFI's accounts than the original six custodians. *See id.* at 2, 5. Their emails, in consequence, may not be that telling. But these individuals did have some involvement with PFI, and 4,400 is a modest number of emails for nineteen custodians. Nineteen is also a small fraction of the "over 2,000 [possible] custodians who have hits" on the three proposed terms. *Id.* at 2. Weighing these facts, the Court concludes that they favor production: the burden and expense of searching for and producing the emails doesn't outweigh the likely benefit. Umpqua must search for and produce the emails requested.

\* \* \*

By March 2, 2022, Umpqua must comply with this order and produce the documents described herein. The undersigned is mindful that Judge Seeborg set today, February 2, as the fact-discovery cutoff. *See* Dkt. 36 ¶ 3, *as modified*, Dkt. 65. But this order doesn't permit new discovery requested on the eve of the cutoff. It directs Umpqua to supplement its responses to timely discovery requests and timely requests to compel production. The record reflects that the parties have engaged in an iterative discovery process and that the plaintiffs haven't been dilatory.

Each side will bear its own fees and costs.

**IT IS SO ORDERED.**

Dated: February 2, 2022

_____
ALEX G. TSE
United States Magistrate Judge