UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UMPQUA BANK,<br><br>Defendant. | Case No. 20-cv-05905-RS (AGT)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 75 |

To the extent that the named plaintiffs used Facebook to communicate with "other investors in any PFI or PISF entity," or with "any member of any class alleged in the Complaint," Dkt. 66 at 1 (quoting RFPs 7 & 32), they must produce those communications by March 2, 2022, *if* the communications also include one or more of the eighteen search terms previously proposed by Umpqua. *See id.*, Ex. A. For purposes of this order, communications on Facebook include but aren't limited to posts in any Facebook group and direct messages on Facebook.

The Court won't order Umpqua to search for relevant posts or messages in the Facebook accounts of its custodians. Umpqua maintains that it doesn't have legal control or a legal right to obtain and produce the personal social media communications of its employees, and the plaintiffs haven't cited any legal authority to the contrary.

The undersigned is mindful that Judge Seeborg set yesterday, February 2, as the fact-discovery cutoff. *See* Dkt. 36 ¶ 3, *as modified*, Dkt. 65. This order doesn't permit new discovery requested on the eve of the cutoff. It directs the plaintiffs to supplement their responses to timely discovery requests and a timely request to compel production.

Each side will bear its own fees and costs.

**IT IS SO ORDERED.**

Dated: February 3, 2022

ALEX G. TSE
United States Magistrate Judge