UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 113 |

Having reviewed in camera various messages exchanged on Facebook between the named plaintiffs and the proposed class members, the Court concludes, for the reasons stated below, that the messages' authors didn't have "a reasonable expectation" that what they wrote would "remain confidential." *Seahaus La Jolla Owners Assn. v. Superior Ct.*, 224 Cal. App. 4th 754, 770 (2014). Their messages, as a result, aren't protected by the attorney-client privilege and must be produced.

\* \* \*

Most of the messages were posted in Facebook groups. The groups weren't open to the public, but group administrators warned group members that people who weren't investors in PFI or PISF (i.e., people who weren't proposed class members) could be present in the groups. "We cannot guarantee that all people in the group are investors," the administrators cautioned in two of the three groups. Given this warning, and given the lack of assurances in the third group that non-investors weren't present, group members should have realized that the groups were quasi-private and that information disclosed within the groups could find itself into the hands of third parties.

Bolstering this conclusion, the groups were relatively large: the first had 771 members, the second had 414 members, and the third had 196 members. With so many people, even if all group members *were* PFI or PISF investors, there were considerable disclosure risks. Any group member could have taken information from the groups and shared it with a third party. Those risks were exacerbated by the lack of any instruction or warning that group members needed to keep secret

what was shared. There were no assurances that what was posted within the groups would remain confidential.

Administrators in two of the three groups also cautioned: "We are not a legal firm, and we cannot give anyone legal advice." This warning signaled that the groups weren't intended to replace attorney-client consultations and that the information being shared wasn't privileged.

In the direct Facebook messages, as in the Facebook groups, no warning was given about the need to keep attorneys' advice confidential. Investors also discussed a variety of nonlegal topics in their direct messages, such as work, one investor's new puppy, and how to block objectionable Facebook postings. The mix of legal and nonlegal topics contributed to a sense of informality. If the messages' authors expected recipients to keep the messages confidential, this was an expectation that wasn't communicated and that wasn't implied from the informal setting.

The Facebook messages reviewed in camera are not protected by the attorney-client privilege. Plaintiffs must produce them by August 9, 2022.

**IT IS SO ORDERED.**

Dated: August 4, 2022

ALEX G. TSE
United States Magistrate Judge