UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br>                Plaintiffs,<br>    v.<br>UMPQUA BANK,<br>               Defendant. | Case No. 20-cv-05905-RS<br><br>**ORDER RE SEALING** |

The numerous sealing motions submitted in connection with the summary judgment and class certification motions were previously denied without prejudice, and the parties were directed to meet and confer to negotiate a joint proposed omnibus sealing order addressing all of the sealing motions, narrowly tailored to seal only the properly sealable material. The parties have now submitted a proposed order that reflects diligent work, good faith negotiations, and careful attention to the standards for sealing. The parties agree specified personal information of investors should be sealed and they have adequately shown such sealing to be appropriate. Umpqua has also submitted a declaration establishing good cause for sealing certain documents relating to its anti-money laundering practices and policies.

The parties were unable to agree as to whether material revealing class member and non-party investor identities should be sealed. Umpqua asserts all such information is already a matter of public record in the bankruptcy court records. Plaintiffs contend that the bankruptcy filings do not contain the identities and associated financial details distilled to the degree they appear in this

action. Plaintiffs have not made a persuasive showing, however, that sealing of otherwise publicly available information is warranted merely because it might be somewhat more convenient to compile the identities PFI and PISF investors and information on their investments and losses from the filings in this case than from those in the bankruptcy cases.

Accordingly, within two weeks of entry of this order, the parties shall re-file all documents previously filed provisionally under seal pursuant to Docket Nos. 79, 81, 94, 118, 119, 122, and 124 as necessary to leave under seal or redacted only the information included in the tables in section I.A. and I.B. of their proposed order (Docket No. 155).

The parties may also publicly file full financial account numbers that belonged to PFI, PISF, and any of their related entities, as opposed to only the last four digits of any account number per Federal Rule of Civil Procedure 5.2. In subsequent filings in this matter, the parties shall redact and seal, via reference to this order and without a new motion to seal, documents that contain the same information subject to this order.

**IT IS SO ORDERED**.

Dated: February 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge