UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELA CAMENISCH, et al.,

    Plaintiffs,

v.

UMPQUA BANK,

    Defendant.

Case No. 20-cv-05905-RS

**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Pursuant to Civil Local Rule 7-1(b), defendant's motion to certify for interlocutory appeal the order denying summary judgment is suitable for disposition without oral argument and the hearing set for April 20, 2023, is vacated. Under 28 U.S.C. § 1292(b), a judge who is of the opinion that an otherwise non-appealable interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" must "so state in writing in such order." If the district court does so, the court of appeal may then "in its discretion, permit an appeal," provided a party makes application to the appellate court within ten days. *Id.*, *see also*, *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1981) ("Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals.").

Although section 1292(b) refers to a court stating the reasons for permitting an interlocutory appeal "in such order," Rule 5(a)(3) of the Federal Rules of Appellate Procedure

permits a party to seek certification after an order has issued. This is accomplished by way of a motion like defendant has brought here, for "amendment" of the original order to include a statement that conditions warranting interlocutory appeal are present.

As an initial matter, plaintiffs' contention that this motion should be denied as untimely is not persuasive. There is no express time limitation for bringing these motions, and defendant has explained that it elected to wait for the result of its Rule 23(f) petition for permission to appeal the class certification order before pursuing this.[1]

As the text of the statute states, interlocutory appeal is only appropriate where: (1) it would address a controlling question of law; (2) about which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. These requirements are jurisdictional, and the party seeking certification bears the burden of demonstrating that they have been satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2009).

The Ninth Circuit has held that a question of law is "controlling" if, "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Cement Antitrust Litig.*, 673 F.2d at 1026.[2]  Here, defendant contends the  "controlling" question is: "what character of circumstantial evidence can be utilized to sustain an aiding and abetting claim brought against a depository bank given the important policy considerations at play that are discussed in *Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138 (2005) and *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532 (1998)?" While plaintiffs insist this case presents no "pure question of law" suitable for interlocutory review, defendant points to at least some Ninth Circuit authority that does not draw such a bright line. *See e.g.*, *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 339-40 (9th Cir.

---

[1] There is no apparent reason defendant could not have sought permission for both interlocutory appeals concurrently, and perhaps better practice would have been to do so. Because there is at least an explanation for the delay, however, denying this motion as untimely is not warranted.

[2] Under this formulation, the first and third prongs of the test substantially overlap.

1    1996) (permitting interlocutory appeal under § 1292(b) of order finding waiver of the right to

2    claim the attorney-client privilege, "a mixed question of law and fact . . . ."); *Steering Comm. v.*

3    *United States*, 6 F.3d 572, 575 (9th Cir. 1993) (finding jurisdiction under § 1292(b) "even though

4    the matter is not purely one of law"); *but see Arista Networks, Inc. v. Cisco Sys. Inc*., 2018 WL

5    2761855, at *2 (N.D. Cal. June 8, 2018) (observing that *Steering Committee* expressly relied on

6    the unique circumstances of the "multidistrict, multiparty case of the sort at hand," *and* the

7    existence of at least one pure legal question.).

8    Even assuming there is an otherwise potentially reviewable "controlling" question that

9    could materially affect the outcome of this litigation, however, defendant has failed to make a

10   sufficient showing that there is "substantial ground for difference of opinion" on the relevant

11   questions.

> To determine if a "substantial ground for difference of opinion" exists under
> §1292(b), courts must examine to what extent the controlling law is unclear. Courts
> traditionally will find that a substantial ground for difference of opinion exists
> where the circuits are in dispute on the question and the court of appeals of the
> circuit has not spoken on the point, if complicated questions arise under foreign
> law, or if novel and difficult questions of first impression are presented.

17   *Couch*, *supra*, 611 F.3d at 633 (citations and quotations omitted).

18   Furthermore, "[a] party's strong disagreement with the Court's ruling is not sufficient for

19   there to be a 'substantial ground for difference.' " *Id.*  Likewise, the fact that "settled law *might be*

20   *applied differently* does not establish a substantial ground for difference of opinion." *Id.* (emphasis

21   added).

22   Here, defendant attempts to show the law is unclear by pointing to various Ninth Circuit

23   memorandum dispositions and district court decisions that it insists reach conflicting results under

24   similar facts. At heart, though, defendant's position is that the law *is* clear, but that the summary

25   judgment order applied that law in a manner to reach the wrong result. The order explains in detail

26   why the record at the summary judgment stage was sufficient to demonstrate a triable issue of fact

27   as to whether defendant had actual knowledge, given what a trier of fact would be entitled to infer

from circumstantial evidence. Neither defendant's disagreement with that analysis nor claimed contradictions in the results of other cases rises to a substantial ground for a difference of opinion as to a controlling question of law. The motion is denied.

**IT IS SO ORDERED**.

Dated: April 12, 2023

_____
RICHARD SEEBORG
Chief United States District Judge