UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS<br><br>**ORDER RE MOTION TO CONSOLIDATE AND CASE MANAGEMENT CONFERENCE SCHEDULING** |

Defendant has filed a motion to consolidate this action with the recently filed and related matter, *Bagatelos et al v. Umpqua Bank*, No. 23-cv-02759-RS. Under Rule 42 of the Federal Rules of Civil Procedure, "consolidation" is a flexible concept that allows cases to be managed and tried jointly, or separately, in whole or in part as may be appropriate to avoid unnecessary cost or delay, for convenience, and to avoid prejudice. Where two cases are already pending before the same judge pursuant to a "related case" finding under the local rules, the court's inherent case management powers provide virtually all the same flexibility, whether or not the cases are formally labeled as "consolidated."

Here, there appears to be no dispute that the litigation of the two cases should be coordinated, and that possibly they should be tried together. The parties, however, have not reached consensus on the details or how to address the resulting timing issues. The parties' joint case management conference statement filed in anticipation of the conference presently set in this action for July 20, 2023, presented those questions before the motion to consolidate had actually

been filed, and without the benefit of the views expressed in this order.

Additional briefing or a hearing under the framework of a motion to "consolidate" will not advance resolution of these issues, which instead can and will be addressed in the context of case management. To that end, the Case Management Conference in this action is continued to August 10, 2023, and a Case Management Conference will be set for the same time in *Bagatelos et al. v. Umpqua Bank*, No. 23-cv-02759-RS. In the interim, the parties shall renew their meet and confer negotiations to determine if they can agree to conditions and timing under which the two cases can be resolved in a single trial. Although the desire of plaintiffs to avoid the additional delay that might result is understandable, it appears defendant is willing to agree to abbreviated procedures such that the delay would be less than five months. Given the potential advantages of a single trial, and given that plaintiffs' preference for a trial in this action in April of 2024 might or might not be available given the court's calendar in any event, it may be the parties can reach an agreement that balances all the competing interests.

The parties shall file a further joint case management conference statement (identical copies may be filed in both cases) no later than August 3, 2022. Further briefing and the hearing on the motion to consolidate is vacated. In the event it subsequently appears necessary formally to grant or deny "consolidation," an appropriate order will enter.

**IT IS SO ORDERED**.

Dated: July 17, 2023

_____
RICHARD SEEBORG
Chief United States District Judge