UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-RS |
| PETER A BAGATELOS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 23-cv-02759-RS<br><br>**ORDER RE MOTION LIMITS** |

In these actions, which have been consolidated for trial, an issue has arisen regarding application of the presumptive limit of one summary judgment motion per side, discussed at the Case Management Conference on January 18, 2024. Defendant Umpqua Bank exhausted its opportunity to bring one summary judgment in the *Camenisch* matter prior to the time *Bagatelos* was filed. Umpqua requested and received permission, however, to file a motion addressing certain "choice-of-law" issues it contends were deferred in the ruling on class certification, whether or not that motion might otherwise be characterized as seeking partial summary judgment.

Umpqua's opening brief on the choice-of-law issues is due April 23, 2024. Umpqua also

intends to file a motion on that date seeking summary judgment on issues presented solely in *Bagatelos*. That is permissible because the consolidation does not preclude Umpqua from seeking summary judgment on the claims in *Bagatelos* which had not been filed at the time of the prior *Camenisch* motion.

Umpqua now wishes to file one additional motion, which seeks a ruling as to the scope of damages available in *Camenisch*. Umpqua asserts the motion could be brought as one *in limine*, but that it could also be characterized as seeking partial summary judgment.

Motions *in limine* are not governed by any express provisions of the Federal Rules of Civil Procedure, and there are no clear limitations on their potential applicability. The most typical use, however, is to obtain advance rulings on the admissibility of specific evidence, either to avoid the potential prejudice of exposing the jury to inadmissible evidence, or to facilitate efficiency, or both. Without seeing the specific motion Umpqua is intending to file, it is not possible to assess whether it arguably would qualify for treatment as a motion *in limine*.

It is clear, however, that motions *in limine* are not appropriately employed to circumvent the presumptive limit on summary judgment motions and the policies behind that limit. In the circumstances here, Umpqua will have to exercise its judgment as to whether or not it will be able to show that the damages limitations arguments it wishes to present are appropriately resolved under the timing and procedures applicable to *in limine* motions. If Umpqua does choose to bring such an *in limine* motion, the court will, of course, have the option to defer addressing the matter until some other appropriate time.

Alternatively, to the extent Umpqua is effectively seeking partial summary judgment on a portion of the *Camenisch* plaintiffs' damages claims, it is hereby relieved from the presumptive limit and may include its damages argument in its choice-of-law motion. If it chooses to do so, the page length limitations for the opening and opposition briefs will be extended by 8 pages each, and the reply brief by 3 pages.

**IT IS SO ORDERED**.

Dated: April 4, 2024

_____
RICHARD SEEBORG
Chief United States District Judge