UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELA CAMENISCH, et al.,
    Plaintiffs,

v.

UMPQUA BANK,
    Defendant.

Case No. 20-cv-05905-RS

**FURTHER ORDER RE PREJUDGMENT INTEREST CLAIM**

Defendant Umpqua Bank previously sought summary judgment that plaintiffs will not be entitled to prejudgment interest even if they prevail on the merits of their claims. Umpqua's primary argument was that principles of collateral estoppel and/or judicial estoppel preclude plaintiffs from recovering prejudgment interest against Umpqua because PFI's approved bankruptcy plan ultimately did not permit recovery of prejudgment interest from PFI, given its terms and the size of the bankruptcy estate. That argument was rejected, and summary judgment denied, in a prior order.

Umpqua now seeks leave to pursue reconsideration or clarification, pointing out the prior order did not address its subsidiary argument that whether or not plaintiffs were precluded from recovering *any* prejudgment interest, they should at least be barred from recovering *post-petition* prejudgment interest. Umpqua asserts the issue was fully briefed in the moving, opposition, and reply papers, and it does not contend further briefing is necessary now. Umpqua does offer to raise the issue again as an *in limine* motion if the court would prefer. Umpqua emphasizes it is not

seeking reconsideration on any of the points reached in the prior order; it merely wishes to ensure this additional argument is addressed before trial. Because, as Umpqua states, the issue has been fully briefed, it is ripe for resolution without further proceedings.

Umpqua's argument that plaintiffs may not recover post-petition prejudgment interest begins at the same place as its broader attack on any prejudgment interest. Umpqua contends its liability, derivative in nature, cannot exceed the liability of PFI itself. *See Ponce v. Tractor Supply Co.*, 29 Cal. App. 3d 500, 505 (1972) ("[A] party secondarily liable is entitled to the benefits of a prior judgment or ruling in favor of the primary tortfeasor.") While that may be so, Umpqua has again failed to show PFI itself does not remain liable for post-petition prejudgment interest, however theoretical any recovery against PFI might be.

Umpqua points to a provision in the bankruptcy plan stating, "post-petition interest shall not accrue or be paid on any Claims, and no Holder of an Allowed Claim shall be entitled to interest, penalties, fees, or late charges accruing or chargeable on any Claim from and after the Petition Date." PFI's Bankruptcy Plan, § 6.5. That plan provision, however, merely conforms to the rule that post-petition interest generally is not recoverable from the bankruptcy estate. *See In re PG&E Corp.*, 46 F.4th 1047, 1053 (9th Cir. 2022) ("The default rule in bankruptcy law is that interest ceases to accrue on a claim once a debtor has filed for bankruptcy.").

The rule precluding recovery of post-petition interest from the estate, however, does not by itself terminate the debtor's potential liability for such interest. As the Supreme Court has explained, "[t]he basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience. These reasons are inapplicable to an action brought against the debtor personally." *Bruning v. United States*, 376 U.S. 358, 362–63 (1964).

In *Bruning*, a taxpayer had previously filed bankruptcy. Although a portion of the principal amount owed by the taxpayer was paid from the bankruptcy estate, post-petition interest was not allowed, given the general rule. Following closure of the bankruptcy case, however, the government was entitled to recover that post-petition interest out of assets acquired by the debtor

after his adjudication of bankruptcy. *Id.* The Court observed that in later proceedings outside the context of the bankruptcy, "collection of postpetition interest cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expense of other creditors." *Id.* at 363. The Court held where the purpose of the rule will not be served, it does not apply. *Id.* ("[W]e find the reasons—and thus the rule—inapplicable."); *see also*, *In re Artisan Woodworkers*, 225 B.R. 185, 191 (B.A.P. 9th Cir. 1998), *aff'd*, 204 F.3d 888 (9th Cir. 2000) (following *Bruning*).

While, unlike *Bruning* and *Artisan Woodworkers*, this case does not involve tax liabilities, that distinction does not alter the analysis. The only difference is that tax liabilities (and interest thereon) are not dischargeable, whereas PFI's liabilities to plaintiffs were not categorically ineligible to be discharged. PFI, however, did not in fact receive a discharge of its liabilities. *See* order of final approval for PFI's modified plan, para 42. Dkt. No. 224-3, ECF page 29 ("In accordance with Bankruptcy Code section 1141(d)(3)(A), the Modified Plan does not discharge the Debtors.")

As a result, PFI stands in effectively the same position towards plaintiffs as the debtors in *Bruning* and *Artisan Woodworkers* were with respect to the taxing authorities. Even though PFI may have no assets acquired post-bankruptcy from which plaintiffs will ever be able to recover, its liability has never been discharged. Plaintiffs' ability to pursue derivative liability against Umpqua for post-petition interest is no different from its entitlement to pursue pre-petition interest and return of their principal investments. The rule that precludes recovery of post-petition interest *from the estate* does not apply in this action, and because PFI's liability has not otherwise been discharged, plaintiffs here are not barred from seeking post-petition interest.[1]

---

[1] Although post-petition interest was specifically disallowed in the plan (as opposed to only by operation of the general rule), that cannot support a different result, given express terms in the plan stating "[t]he treatment of any and all Investor Claims under the Plan is not intended to and will not reduce, impair, satisfy, limit, or otherwise affect any rights that any Investor may have against any Person that is not a Released Party." See plan paras. 2.5, 2.6., Dkt. No. 223-1, ECF pp. 170-171.

**IT IS SO ORDERED**.

Dated: July 15, 2024

RICHARD SEEBORG
Chief United States District Judge