UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELA CAMENISCH, et al.,

    Plaintiffs,

v.

UMPQUA BANK,

    Defendant.

Case No. 20-cv-05905-RS

**ORDER SETTING BRIEFING LIMITS, VACATING TRIAL DATE, AND DIRECTING CONSIDERATION OF MAGISTRATE JUDGE REASSIGNMENT**

Defendant seeks to extend to 40 pages the limit on its opening brief in support of a forthcoming *Daubert* motion to exclude opinions of plaintiffs' expert witness, Catherine Ghiglieri. Defendant represents it intends to bring two other *Daubert* motions directed at other witnesses, but will not seek to extend the page limits for those motions. Plaintiffs assert defendant has informed them it also intends to file as many as 20 motions in limine, most of which are around 10 pages in length. Plaintiffs propose the parties instead be limited to 75 pages each for their respective motions in limine and *Daubert* motions.

Defendant will be permitted up to 40 pages for its opening brief in support of the Ghiglieri motion, with the opposition brief also limited to 40 pages, and the reply to 20 pages. The default page limits will apply to any other *Daubert* motions. The parties are strongly encouraged to make every effort to avoid reaching the default and the extended limits, which in all cases are maximums, not minimums.

The parties' respective motions in limine should each be presented in a single document, with the motions identified by number within each document. The text devoted to each separate numbered motion shall not exceed four pages. Oppositions to the motions in limine shall be in the same form, with the same length limitations. No replies to motions in limine shall be filed.

Plaintiffs further request that defendant be barred from bringing any further decertification motion until trial has been concluded. While it seems unlikely that defendant will be able to present a compelling argument that another decertification motion should be considered prior to trial, the court will address the procedural and timing propriety of any such motion only if one is actually filed.

The parties are advised that the current trial date, September 9, 2024, is no longer available on this Court's calendar, and it is hereby vacated. All other existing pretrial dates and filing deadlines shall remain in place. The August 28, 2024, date presently set for the final pretrial conference, will instead serve as a trial setting conference to identify a new trial date in 2025.

In the meantime, the parties are directed to meet and confer to determine whether they are willing to consent to the jurisdiction of a magistrate judge, to permit reassignment of this matter to a magistrate judge for all purposes, including trial, through final judgment. The Court has confirmed that magistrate judges are available to conduct trial commencing on the originally scheduled trial or within a short time before or after. The parties shall file a joint consent to the jurisdiction of a magistrate judge, or a joint statement that they were unable to reach an agreement to do so, no later than the close of business on Monday, July 22, 2024.

**IT IS SO ORDERED**.

Dated: July 17, 2024

RICHARD SEEBORG
Chief United States District Judge

CASE NO. 20-cv-05905-RS

2