UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 20-cv-05905-PCP<br><br>**PRETRIAL ORDER** |

Trial in this matter is set to begin February 3, 2025. The pretrial conference will be held at 10:00 a.m. on Tuesday, January 14, 2025 in Courtroom 8 of the Robert F. Peckham United States Courthouse, 280 South 1st Street, San José, California 95113. At the pretrial conference, the parties should be prepared to address the matters addressed herein as well as the pending motions in limine and motions to exclude.

This order sets out additional filing requirements in advance of these proceedings. All submissions required by this order shall by the applicable deadline be filed on the public docket and emailed, in editable Microsoft Word form, to pcppo@cand.uscourts.gov.

**I.    Due December 20, 2024: Joint Pretrial Statement and Proposed Order**

Pursuant to the parties' agreement, the parties shall by December 20, 2024 submit a joint pretrial statement and proposed order that complies with paragraphs B and C of the Guidelines for Final Pretrial Conference in Civil Jury Cases Before Chief District Judge Richard Seeborg.[1]

---

[1] The Guidelines are available at https://cand.uscourts.gov/wp-content/uploads/2023/03/Chief-Judge-Seeborg_s-Guidelines-for-Final-Pretrial-Conferences-in-Civil-Jury-Cases.pdf.

## II.   Due January 9, 2025: Additional Pretrial Filings

### A.   Jury Materials

The parties shall submit the following:

- *Preliminary statement:* A one-paragraph joint statement of the case to be read at voir dire.

- *Proposed jury questions:* A list of up to nine agreed-upon questions to be asked in the online questionnaire that will be sent to prospective jurors before jury selection.

- *Proposed voir dire questions:* A list of agreed upon-questions to be posed by the Court after initial voir dire. (Counsel will also be allowed a brief follow-up voir dire).

- *List of involved individuals:* A list of all people involved in this case (including counsel, parties, and potential witnesses) to be shared during jury selection.

- *Proposed jury instructions:* A joint set of proposed jury instructions. Proposed instructions should follow the Ninth Circuit Model Jury Instructions to the extent possible, and any deviations must be indicated. Undisputed instructions shall be identified as "Stipulated Instruction No. [number] re: [subject]." Disputed instructions shall be identified as "Disputed Instruction No. [number] re: [subject] offered by [party]," with different proposals of the same instruction bearing the same number. For any disputed instruction (or any instruction which a party believes should not be given), each party may file a one-page statement supporting their position.

- *Proposed verdict form:* A single agreed upon proposed verdict form if possible, or separate proposed verdict forms if the parties cannot reach agreement.

### B.   Exhibits and Deposition Excerpts

The parties shall prepare a single set of all trial exhibits that will be the official record and, if applicable, used on appeal. Exhibits shall be numbered (not lettered) sequentially, with each exhibit identified as "Trial Exhibit No. [number]." Before submitting trial exhibits, the parties shall meet and confer in person to consider exhibit numbers, eliminate duplicates, and minimize confusion, and make a good faith effort to stipulate to admissibility. At minimum, absent a legitimate objection, the parties shall make every effort to stipulate to authenticity and foundation.

1   At least five days prior to the commencement of trial, the parties shall deliver to the
2   Courtroom Deputy three sets of pre-marked exhibits. The exhibits shall be placed in sequential
3   order in a three-ring binder with a labeled divider separating each exhibit. If multiple binders are
4   necessary, the spine of each binder should be labeled to indicate the exhibits included. Each
5   exhibit shall be tagged as follows:

> United States District Court
> Northern District of California
>
> **Trial Exhibit No. 100**
>
> Case No. 23-cv-03270-PCP
> Date Entered: _____
> By: _____
>                    *Deputy Clerk*

Exhibit tags should be placed in the bottom right corner of the front page of each exhibit if possible, or otherwise in the bottom left corner of the back of the last page. If possible, tags should be printed on yellow paper or another light color that stands out but still allows for photocopying.

The parties shall also deliver a USB drive containing every exhibit as a separate file. Files should be named so that the exhibits are listed sequentially when the files are sorted by name.

At least five days prior to the commencement of trial, the parties shall file and serve any excerpts of deposition testimony or other discovery to be offered at trial, other than solely for impeachment or rebuttal. A copy of the designated deposition testimony with page and line references or the discovery response shall be provided. Any objections to the use of designated excerpts and any counter-designations of deposition testimony shall be filed and served no later than two days prior to the commencement of trial.

With the exhibit binders and USB drives, the parties shall include a tabular index of all exhibits, discovery responses, and deposition excerpts to be offered at trial. The table shall including the following columns: (a) exhibit number, (b) brief description, (c) purpose and sponsoring witness, (d) any objections, (e) response to any objections.

3

### III. Trial Logistics

Requests for a daily transcript or real-time reporting, if desired, must be arranged with the Courtroom Deputy, Nicole Coleman, before the date of the pretrial conference.

Counsel must clearly announce the number of any exhibit used during proceedings. The parties should plan to present evidence using the available courtroom technology. The parties must provide agreed-upon transcripts of any audio or video exhibits used at trial by the day offered.

Counsel should move exhibits into evidence as soon as foundation is laid. At the end of each trial day, counsel shall consult with each other and the Courtroom Deputy about which exhibits are in evidence and any limitations. Disagreements must be brought to the Court's attention. At the close of evidence and before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel must jointly provide a revised index of all exhibits actually in evidence, stating (a) the exhibit number, and (b) a brief neutral description of the contents. This index will be provided to assist the jury.

Two calendar days before calling any witnesses, counsel shall exchange in writing by 5:00 P.M. a list of witnesses to be called and any exhibits to be used during direct examination. By 5:00 P.M. on the day before those witnesses are called, opposing counsel shall provide any objections to the listed exhibits and shall exchange a list of exhibits to be used with the listed witness(es) on cross-examination (other than for impeachment). Counsel shall promptly notify the Court of any objections.

**IT IS SO ORDERED.**

Dated: December 17, 2024

_____
P. Casey Pitts
United States District Judge