# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al., | Civil Action No.: 5:20-cv-05905-PCP |
| Plaintiffs, | Honorable P. Casey Pitts |
| vs. | **SETTLEMENT AGREEMENT** |
| UMPQUA BANK, | **AND RELEASE** |
| Defendant. | |

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release, including Exhibits 1-2 hereto (the "Agreement" or "Settlement") is made and entered into by, between, and among: (1) Plaintiffs Shela Camenisch, Dale Dean, Luna Baron, and Eva King, individually and as trustee of the Eva M. King Trust (collectively "Plaintiffs"), on behalf of themselves and the Class (as defined below); (2) Class Counsel (defined below), and (3) Umpqua Bank ("Umpqua Bank"). Plaintiffs, Class Counsel, and Umpqua Bank hereby agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiffs and the Class Members (as defined below) against Umpqua Bank in the case styled *Camenisch, et al. v. Umpqua Bank*, Case No. 5:20-cv-05905-PCP ("Action") shall be settled, compromised, and released upon the terms and conditions contained herein.

## I.    RECITALS

1.1    On August 21, 2020, Plaintiffs Shela Camenisch and Dale Dean filed a Class Action Complaint in the United States District Court for the Northern District of California seeking monetary damages from Umpqua Bank based on its alleged aiding and abetting of fraud and aiding and abetting breach of fiduciary duty. On June 30, 2021, a First Amended Complaint was filed adding Luna Baron and Eva King, individually and as trustee of the Eva M. King Trust, as Plaintiffs. The First Amended Complaint is the operative complaint in this Action.

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

1.2     On December 16, 2022, the Court granted Plaintiffs' motion for class certification. On May 24, 2023, the Court issued an order defining the certified class as follows:

> All persons who invested money with Professional Financial Investors, Inc. (PFI) or Professional Investors Security Fund, Inc. (PISF) through secured or unsecured debt instruments or an LLC membership purchase agreement; who did not recover the principal amount of their investment prior to July 14, 2020; and who have a valid, allowed claim in In re Professional Financial Investors, Inc., Case No. 20-bk-30604 (Bankr.N.D. Cal.) or any of its affiliated debtor bankruptcy cases, jointly administered under Case No. 20-bk-30604. Commercial lenders to PFI and PISF are excluded from the class.

1.3     On September 5, 2023, the Court entered an order identifying and excluding two persons from the certified class due to their submission of opt-out requests. Accordingly, there are 1,219 persons presently in the Class (defined below). A list of all Class Members is attached as Exhibit 1.

1.4     On February 3, 2025, the Action proceeded to jury trial before the Honorable P. Casey Pitts. The case was submitted to the jury on February 26, 2025. On March 4, 2025, the Court declared a mistrial after concluding that the jury was deadlocked.

1.5     On March 25, 2025, the Parties (defined below) attended a settlement conference before the Honorable Nathanael M. Cousins. Thereafter, the Parties, subject to negotiation and execution of this Agreement and subject to Preliminary Approval and Final Approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, reached an agreement in principle to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiffs and the Class Members (defined below) in exchange for Umpqua Bank's agreement to pay the sum of Fifty-Five Million Dollars ($55,000,000.00) to create a common fund for the benefit of the Class as further detailed below.

1.6     On March 27, 2025, the Parties filed a Joint Notice of Settlement, which reflected Plaintiffs' intention to file their motion for preliminary approval of the settlement on May 1, 2025

Page 2 of 24

or soon thereafter. That same day, the Court entered an order vacating all scheduled briefing deadlines, motion hearings, and trial dates.

1.7     The Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims (defined below) by the Class Members. The Parties intend this Agreement, once it is finally approved and becomes effective, to bind Plaintiffs, Class Counsel, Umpqua Bank and Class Members.

1.8     Now, therefore, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, Plaintiffs and Umpqua Bank agree to the Settlement, subject to approval by the Court, as follows.

## II.     DEFINITIONS

In addition to the terms defined at various points within this Agreement, the following Defined Terms apply throughout this Agreement and the attached exhibits:

2.1     "Administration Account" means the account established for the purposes of paying administration costs and distributing the Settlement Amount in accordance with the Settlement.

2.2     "Class" means the certified class in this case referenced in Section 1.2, above.

2.3     "Class Counsel" means Gibbs Mura LLP and Silver Law Group.

2.4     "Class Member" means any person, excluding the two persons who opted out of the certified class, who invested money with Professional Financial Investors, Inc. (PFI), Professional Investors Security Fund, Inc. (PISF) or their affiliates through secured or unsecured debt instruments or an LLC membership purchase agreement; who did not recover the principal amount of their investment prior to July 14, 2020; and who have a valid, allowed claim in *In re Professional Financial Investors, Inc.*, Case No. 20-bk-30604 (Bankr. N.D. Cal.) or any of its affiliated debtor bankruptcy cases, jointly administered under Case No. 20-bk-30604. Commercial lenders to PFI and PISF are excluded from the class. There are currently 1,219 Class Members. A complete list of Class Members is attached hereto as Exhibit 1.

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

2.5     "Court" means the United States District Court for the Northern District of California.

2.6     "Effective Date" means the fifth business day after which all of the following events have occurred:

     a.     The Court has entered, without material change, the Final Approval Order; and

     b.     The time for appeal or petition has expired, and no appeal or petition for rehearing or review has been timely filed; or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal or certiorari could be taken has finally expired and relief from a failure to file same is not available.

2.7     "Final Approval" means the date that the Court enters the Final Approval Order granting final approval to the Settlement and determines the amount of fees, costs and expenses awarded to Class Counsel and the amount of the Service Awards (defined below).

2.8     "Final Approval Order" means the order and judgment that the Court enters upon finally approving the Settlement.

2.9     "Net Settlement Fund" means the Settlement Amount, plus any interest earned, minus Court-approved attorneys' fees, costs and expenses, Court-approved Service Awards, notice and administration expenses incurred by the Settlement Administrator, and any costs associated with taxes and investments as to the Administration Account.

2.10     "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

2.11     "Notice Program" means the methods provided for in this Agreement for giving the Notice and consists of Mailed Notice and Email Notice substantially in the form attached hereto

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

as Exhibits 2. A complete description of the contemplated Notice Program is provided in Part VI, below.

2.12    "Parties" means Plaintiffs, Class Counsel, and Umpqua Bank.

2.13    "PISF" means Professional Investors Security Fund, Inc. and its past and present agents, employees, and principals, including Kenneth Casey and Lewis Wallach.

2.14    "PFI" means Professional Financial Investors, Inc. and its past and present agents, employees, and principals, including Kenneth Casey and Lewis Wallach.

2.15    "Plaintiffs" means Shela Camenisch, Dale Dean, Luna Baron, and Eva King, individually and as trustee of the Eva M. King Trust.

2.16    "Preliminary Approval" means the date that the Court enters an order preliminarily approving the Settlement.

2.17    "Released Claims" means all claims to be released as specified in Part XII, below of this Agreement. The "Releases" means all of the releases contained in Part XII of this Agreement.

2.18    "Released Parties" means those persons and entities released in Part XII, below.

2.19    "Releasing Parties" means all Plaintiffs, Class Counsel, and all Class Members, and each of their respective heirs, assigns, beneficiaries and successors.

2.20    "Service Award" means any Court-ordered payment to Plaintiffs in addition to any payment due to Plaintiffs as Class Members.

2.21    "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are as set forth in this Agreement and the attached exhibits.

2.22    "Settlement Administrator" is Epiq Class Action and Claims Solution, Inc.

2.23    "Settlement Amount" means the sum of Fifty-Five Million Dollars ($55,000,000.00) to create a common fund for the benefit of Class Members.

2.24    "Class Member's Distribution" is the amount of the settlement that each Class Member is entitled to receive as described in Section 8.2.

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

2.25    "Settlement Website" means the website previously established and maintained by Epiq Class Action and Claims Solutions pursuant to the Court's May 24, 2023 Order. Prior to the commencement of the Notice Program, the Settlement Website will be updated to provide hyperlinked access to this Agreement, the Mail Notice, the order preliminarily approving this Settlement, and such other documents as Class Counsel and Umpqua Bank's Counsel agree to post or that the Court orders posted on the website. The URL of the Settlement Website shall be www.umpquabankclassaction.com. The Settlement Website shall be rendered inactive nine (9) months after the Settlement Administrator issues initial distributions pursuant to section 9.1 below. The Settlement Website shall not include any advertising and shall not bear or include the Umpqua Bank logo or trademarks.

2.26    "Umpqua Bank's Counsel" means Stoll Stoll Berne Lokting & Shlachter PC and Reed Smith LLP.

## III.    SETTLEMENT AMOUNT, ADMINISTRATION ACCOUNT, AND COSTS OF NOTICE AND SETTLEMENT ADMINISTRATION

3.1    In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases set forth in Section XIV and the dismissal of the Action upon Final Approval, Umpqua Bank agrees to pay the Settlement Amount.

3.2    The Settlement Amount shall be used for the following purposes:

a.    Payments to Class Members;

b.    Payment of the Court-ordered award of Class Counsel's attorneys' fees, costs, and expenses pursuant to Section 13.1 hereof;

c.    Payment of the Court-ordered Service Awards to Plaintiffs pursuant to Section 13.3 hereof;

d.    Payment of any costs incurred by the Settlement Administrator in connection with the Settlement Administrator's duties described in Section 5.2;

e.       Payment of all taxes as set forth in Section 3.5; and

f.       Payment of any other fees, costs and expenses not specifically enumerated in Subsections (a) through (f) of this Section, subject to approval of Class Counsel, Umpqua Bank and the Court.

3.3     In no event shall Umpqua Bank be required to pay more than the Settlement Amount in connection with this Settlement.

3.4     Within ten (10) calendar days following the Effective Date, Umpqua Bank will deposit into the Administration Account the Settlement Amount.

3.5     Conditioned upon the Effective Date occurring, the funds in the Administration Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Administration Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Administration Account or otherwise, including any taxes or tax detriments that may be imposed upon Umpqua Bank, Umpqua Bank's Counsel, Plaintiffs and/or Class Counsel with respect to income earned by the Administration Account for any period during which the Administration Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Administration Account. Umpqua Bank, Umpqua Bank's Counsel, Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Administration Account shall indemnify and hold Umpqua Bank, Umpqua Bank's Counsel, Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

## IV.     PRELIMINARY APPROVAL

4.1     On December 16, 2022, the Court granted Plaintiffs' motion for class certification. On May 24, 2023, the Court issued an order establishing the definition of the certified class.

Page 7 of 24

4.2    Upon execution of this Agreement by all Parties, Class Counsel shall promptly, but not before May 1, 2025, move the Court for an Order granting Preliminary Approval of this Settlement ("Preliminary Approval Order").  Class Counsel shall reasonably consult Umpqua Bank's Counsel regarding the motion and the proposed Preliminary Approval Order that will be attached to the motion, and shall in good faith consider any input, revisions, and/or suggestions that Umpqua Bank's Counsel may have to the same.  The motion for Preliminary Approval shall request that the Court:

a.    Preliminarily approve the terms of the Settlement as within the range of fair, adequate and reasonable;

b.    Approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement, substantially in the form attached to this Agreement as Exhibits 2;

c.    Approve the procedures below for Class Members to object to the Settlement;

d.    Stay the Action pending Final Approval of the Settlement; and

e.    Schedule a Final Approval Hearing at which the Court will conduct an inquiry into the fairness, reasonableness and adequacy of the Settlement, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards to Plaintiffs ("Final Approval Hearing").

4.3    Umpqua Bank, at its own expense, shall serve or cause to be served a notice of the proposed Settlement, in conformance with the Class Action Fairness Act, 28 U.S.C. § 1715.

## V.    SETTLEMENT ADMINISTRATOR

5.1    Class Counsel, in good faith consultation with Umpqua Bank, selected the Settlement Administrator.  The Settlement Administrator shall administer various aspects of the Settlement as described in Section 5.2 below and perform such other functions assigned to the

Page 8 of 24

Settlement Administrator elsewhere in this Agreement, including, but not limited to: providing Mailed Notice and Email Notice to Class Members; effectuating the Notice Program pursuant to Part VI, below; distributing the Settlement Amount as provided herein; and, in the event of a termination of the Settlement pursuant to Part XI, below, returning the Administration Account, along with any accrued interest or earnings, less any amounts already paid to Settlement Administrator or committed to pay for expenses and costs associated with investments and/or taxes with respect to the Administration Account, to Umpqua Bank.   Class Counsel shall supervise and oversee the Settlement Administrator and keep Umpqua Bank informed about the Settlement Administrator's completion of its duties.  The Settlement Administrator is only authorized to take the actions specified in this Agreement as approved by the Court.

     5.2    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

    a.    Obtain from Class Counsel name, email, and address information for Class Members, and, to the extent necessary, verify and update the addresses received through the National Change of Address database for the purpose of mailing the Mailed Notice.

    b.    Update and maintain the Settlement Website;

    c.    Respond to any inquiries the Settlement Administrator receives from Class Members (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice);

    d.    Process and transmit distributions to Class Members from the Net Settlement Fund;

    e.    Perform all tax-related services for the Administration Account as provided in this Agreement;

    f.    Perform any other Settlement–administration-related function at the instruction of Class Counsel; and

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

g.      Pay invoices, expenses and costs upon approval by Class Counsel, as provided in this Agreement.

## VI.    PROVIDING NOTICE TO CLASS MEMBERS

6.1      Upon Preliminary Approval of the Settlement, the Settlement Administrator shall implement the Notice Program outlined herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.   The Notice shall include, among other information:   a description of the material terms of the Settlement; a date by which Class Members may object to the Settlement; the date upon which the Final Approval Hearing will occur; and the address of the Settlement Website at which Class Members may access this Agreement and other related documents and information.   Class Counsel and Umpqua Bank's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order.   Notices provided under or as part of the Notice Program shall not bear or include the Umpqua Bank logo or trademarks, the return address of Umpqua Bank, the Umpqua Bank colors, or otherwise be styled so as to appear to originate from Umpqua Bank.

6.2      The Notice also shall include a procedure for Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards to Plaintiffs.   Objections to the Settlement or to the application for attorneys' fees, costs, expenses and Service Awards must be mailed to the Clerk of the Court or filed electronically or in person, consistent with the Procedural Guidance for Class Action Settlements published by the District Court for the Northern District of California.   For an objection to be considered by the Court, the objection must be postmarked no later than 45 days after the date on which Notice is first mailed or emailed, as specified in the Notice.   For an objection to be considered by the Court, the objection must also set forth:

a.      The name and case number of the Action;

b.      The objector's full name and address;

Page 10 of 24

c.  All grounds for the objection, stated with specificity; and

d.  Whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

6.3  Notice shall be provided to the Class in two different ways: Mailed Notice and Emailed Notice.

6.4  The Mailed Notice shall be substantially in the form attached hereto as Exhibit 2, and Email Notice shall be substantially in the same form, copied into the body of an email.

6.5  Within fourteen (14) days from the date of the Court's entry of the Preliminary Approval Order, the Settlement Administrator shall, to the extent necessary, run the last known addresses of Class Members through the National Change of Address Database, shall mail to Class Members the Mailed Notice ("Initial Mailed Notice"), and shall send Notice via email to all identified Class Members for whom a valid email address is available ("Initial Email Notice").

6.6  The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notices that are returned as undeliverable.  On a rolling basis and within seven (7) days of receiving an Initial Mailed Notice returned as undeliverable, the Settlement Administrator shall complete the re-mailing of the Mailed Notice to Class Members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process").

6.7  If the Settlement Administrator receives a bounce code for any email sent via the Initial Email Notice that the message is undeliverable for reasons such as an inactive or disabled account, the recipient's mailbox was full, technical autoreplies, etc., the Settlement Administrator shall make at least two additional attempts to deliver that Notice by email ("Notice Re-emailing Process").

6.8  The Settlement Administrator shall provide Class Counsel an affidavit that confirms that the Notice Program was completed in a timely manner.  Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiffs' motion for final approval of the Settlement.

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

## VII.    FINAL APPROVAL ORDER AND JUDGMENT

7.1      Plaintiffs' motion for Preliminary Approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur.  Plaintiffs shall file their application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs no later than ten (10) days after the date on which Notice is first mailed or emailed, and their motion for Final Approval of the Settlement no later than fourteen (14) days after the deadline for Class Members to object described in Section 6.2.  At the Final Approval Hearing, the Court will hear argument on Plaintiffs' motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs.  In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from any Class Members (or their counsel) who object to the Settlement or to the fee, cost, expense or Service Award application, provided the objectors filed timely objections that meet all of the requirements listed in Section 6.2 above.

7.2      The proposed Final Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Umpqua Bank's Counsel.  Such Final Approval Order shall, among other things:

a.      Determine that the Settlement is fair, reasonable and adequate;

b.      Determine that the Notice Program satisfies due process requirements;

c.      Dismiss the Action with prejudice and without costs;

d.      Bar and enjoin Plaintiffs and all Class Members from asserting any of the Released Claims, as set forth in Part XII, including during any appeal from the Final Approval Order;

e.      Release Umpqua Bank and the Released Parties from the Released Claims, as set forth in Part XII; and

f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Plaintiffs, Class Counsel, Umpqua Bank and all Class

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## VIII.   SETTLEMENT AMOUNT AND ALLOCATION OF NET SETTLEMENT FUNDS

8.1      Distributions will be allocated to Class Members from the Net Settlement Fund. Class Counsel will propose an allocation methodology in their motion for preliminary approval and it will be subject to court approval.  After the Court decides the allocation methodology, Class Counsel shall be responsible for calculating each Class Member's Distribution pursuant to the Court's order.  Before providing distribution amounts to the Settlement Administrator, Class Counsel shall send its calculations of each Class Member's Distribution to Umpqua Bank's Counsel for review and approval. Nothing in this section prohibits Umpqua Bank from responding to the preliminary approval motion. Umpqua waives any right it might have to appeal any order of the Court on the grounds of the allocation methodology, and Umpqua agrees it will file no such appeal.

8.2      The Parties agree that the Court-approved allocation formula will be used exclusively for purposes of computing retrospectively, in a reasonable and efficient fashion, subject to Part IX below, the amount of any distribution each Class Member should receive from the Net Settlement Fund.  The Court-approved allocation formula shall not be used for any other purpose or objective whatsoever.

## IX.   DISTRIBUTION OF NET SETTLEMENT FUND TO SETTLING CLASS MEMBERS

9.1      Within fourteen (14) days after the Effective Date, the Settlement Administrator shall distribute the Net Settlement Fund to the Class Members.  Each Class Member shall receive a distribution equal to each Class Member's Distribution as described in Section 8.1, above.

9.2      Settlement payments to Class Members will be made by check with an appropriate legend, in a form approved by Class Counsel and Umpqua Bank's Counsel, to indicate that it is from the Settlement.  Checks will be cut and mailed by the Settlement Administrator and will be

Page 13 of 24

sent to the addresses that the Settlement Administrator identifies as valid Class Member addresses. Checks shall be valid for one hundred eighty (180) days.  The Settlement Administrator will make reasonable efforts to locate the proper address for any Class Member whose check is returned by the Postal Service as undeliverable and will re-mail it to the updated address. The Settlement Administrator will make reasonable efforts to contact Class Members whose checks are not timely cashed and to coordinate with Class Members to ensure each receives their portion of the settlement funds. Such efforts are not limited to but may include re-issuing and mailing checks as needed, coordinating alternative payment methods for individuals, and re-directing payment as necessary to enable payment for deceased Class Members pursuant to applicable probate or intestate laws.

## X.     DISPOSITION OF RESIDUAL FUNDS AFTER DISTRIBUTION TO CLASS MEMBERS AND FINAL ACCOUNTING

10.1     Within sixty (60) days after the latest issued check is no longer valid pursuant to Section 9.2 of the Settlement Agreement, any funds remaining in the Administration Account resulting from failed disbursements to Class Members shall be disposed of by the Settlement Administrator in a manner consistent with the unclaimed property laws of the various jurisdictions in which Class Members were last known to reside.   The Qualified Settlement Fund will be reported as the holder of the funds under its own EIN.

10.2     Within 21 days after the settlement checks become stale, Class Counsel, in coordination with Umpqua Bank's Counsel and the Settlement Administrator, shall file a Post-Distribution Accounting and post it on the Settlement Website. The Post-Distribution Accounting will detail: The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of objections, the average, median, maximum, and minimum recovery per Class Member, the method(s) of notice and the method(s) of payment to Class Members, the percentage of success for each method of notice and payment (if known), the number and value of checks not cashed,

Page 14 of 24

the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, Class Counsel's updated lodestar total, and the lodestar multiplier.

## XI.    EFFECT OF TERMINATION

11.1    The grounds upon which this Agreement may be terminated are set forth in Sections 14.1, below.  In the event of a termination as provided therein, this Agreement shall be considered null and void; all of Umpqua Bank's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

11.2    This Settlement shall become effective on the Effective Date unless earlier terminated in accordance with the provisions of Section 14.1.

11.3    In the event the Settlement is terminated in accordance with the provisions of Section 14.1, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose.  In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XII.    RELEASES

12.1    As of the Effective Date, Plaintiffs, Class Counsel, and all Class Members, each on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Umpqua Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and assigns of each of them ("Released Parties"), of and from any and all

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters up to and including the date of preliminary approval of the Settlement that were or could have been alleged in this Action, including any claims that relate in any way to fraud and/or breaches of fiduciary duties committed by PFI, PISF and/or their affiliates.

12.2    Plaintiffs or any Class Member may hereafter discover facts other than or different from those that he/she knows or believes to be true with respect to the subject matter of the claims released, or the law applicable to such claims may change.  Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Section and Section 12.1. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Agreement, including by the releases contained in this Section and in Section 12.1, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement or never receives a distribution of funds or credits from the Settlement.

12.3    Plaintiffs and all Class Members each represents and warrants that he/she is the sole and absolute owner of each claim released by him/her in this Agreement, and that he/she has the right and authority to release each such claim.  Plaintiffs and all Class Members each represents and warrants that he/she has not assigned or transferred to anyone by any means, voluntarily or involuntarily, any of the claims hereby released by him/her.  Plaintiffs and all Class Members each agree to indemnify, defend, and hold Umpqua Bank harmless against any claim or demand arising

Page 16 of 24

out of any such assignment or transfer or purported assignment or transfer of the rights herein released, including the payment of reasonable attorneys' fees and costs incurred in defending against such a purported claim.

## XIII.   PAYMENT OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS

13.1    Any award of attorneys' fees, costs and expenses to Class Counsel shall be payable solely from the Administration Account and taken from the Settlement Amount and is subject to Court approval.  The determination of Class Counsel's request for attorneys' fees shall be based on controlling Ninth Circuit precedent involving the award of fees in common fund class actions and not based on the governing law agreed upon in Section 16.8.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any award of attorneys' fees, costs and expenses to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.  In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs and expenses to Class Counsel in the amounts sought by Class Counsel, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

13.2    Within fourteen (14) days of the Effective Date, the Settlement Administrator shall pay from the Administration Account to Class Counsel all Court-approved attorneys' fees, costs and expenses.  Class Counsel shall furnish to the Settlement Administrator any required tax information or forms before the payment is made.

13.3    Any Service Awards are to be paid solely from the Administration Account and taken from the Settlement Amount.  Any Service Awards shall be paid to Plaintiffs in addition to any payments Plaintiffs are entitled to receive as Class Members.  Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the Service Awards sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.  In the event the Court declines to approve, in whole or in part, any Service Awards in the amounts set forth above, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

13.4    Within fourteen (14) days of the Effective Date, the Settlement Administrator shall pay from the Administration Account any Service Awards approved by the Court.  Plaintiffs shall furnish to the Settlement Administrator any required tax information or forms before the payment is made.

## XIV.   MODIFICATION AND TERMINATION OF SETTLEMENT

14.1    This Settlement may be terminated by either Umpqua Bank or Class Counsel by serving on counsel for the opposing Party and filing with the Court a written notice of termination within fourteen days after any of the following occurrences:

    a.    The Court rejects, modifies, amends or changes, or declines to preliminarily or finally approve the Settlement;

    b.    An appellate court reverses the Final Approval Order, and the Settlement is not reinstated without change by the Court on remand;

    c.    Any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement in a way that Umpqua Bank or Class Counsel seeking to terminate the Settlement reasonably considers material;

    d.    The Effective Date does not occur; or

    e.    Any other ground for termination provided for elsewhere in this Agreement.

14.2    In the event of a termination of the Settlement pursuant to this Section, the Parties retain all of their pre-Settlement litigation rights and defenses.

## XV.    PARTIES' POSITION ON THE ACTION AND SETTLEMENT

15.1    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

15.2 Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex litigation, and the likelihood of success on the merits of the Action. Class Counsel have fully investigated the facts and law relevant to the merits of the claims, have conducted extensive formal and informal discovery, have conducted independent investigation of the challenged conduct, and have tried the case before a jury which resulted in a hung jury and declaration of mistrial. Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, reasonable, adequate and in the best interests of the Class.

15.3 Umpqua Bank disputes the claims alleged in the Action and does not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Umpqua Bank has agreed to enter into this Agreement to avoid the further expense, inconvenience and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

15.4 Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

15.5 In addition to any other defenses Umpqua Bank may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other

Page 19 of 24

proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XVI.  MISCELLANEOUS PROVISIONS

16.1    <u>Gender and Plurals</u>.  As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

16.2    <u>Binding Effect</u>.  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

16.3    <u>Cooperation of Parties</u>.  The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.  This obligation of the Parties to support and complete the Settlement shall remain in full force and effect regardless of events that may occur, or court decisions that may be issued, in any other case in any court.

16.4    <u>Obligation To Meet And Confer</u>.  Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have consulted.

16.5    <u>Publicity</u>.  The Parties and their counsel agree not to make social media postings, press releases or provide press interviews that disparage the business or reputation of the other Party, including current or former employees, or their counsel in this Action, based on the subject matter of the Action. The Parties and their counsel also agree they will not issue a press release based on the subject matter of the Action. The Parties and their counsel also agree not to contact the press and not to discuss the other Party's reputation or conduct with the press based on the subject matter of the Action before January 1, 2027.  If contacted by the press regarding this Action, the Party may respond generally by stating that they are happy that the settlement was reached and that it is a fair and reasonable result. Nothing in this paragraph shall be construed to

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

limit Class Counsel's ability to perform their duties as required under this agreement and applicable law.

      16.6   <u>Integration</u>.  This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter herein. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

      16.7   <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Agreement and the text of the sections of this Agreement shall be resolved in favor of the text.

      16.8   <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

      16.9   <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement and performance of this Agreement, which shall be construed in accordance with, and be governed by, the laws of the State of California.  The Court shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice program and the Settlement Administrator.  As part of their respective agreements to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

      16.10  <u>Notices</u>.  All notices to counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to:

Page 21 of 24

*As to Plaintiffs, the Class, and*
*Class Counsel:*

Amy M. Zeman
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
amz@classlawgroup.com

*As to Umpqua Bank*:

Lydia Anderson-Dana
**STOLL BERNE**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
landersondana@stollberne.com

      The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

      16.11  Modification and Amendment.  This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

      16.12  No Waiver.  The waiver by any party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

      16.13  Authority.  Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

      16.14  Agreement Mutually Prepared.  Neither Umpqua Bank nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

      16.15  Independent Investigation and Decision to Settle.  The Parties understand and acknowledge that:  (a) they have performed an independent investigation of the allegations of fact and law made in connection with the Action; and (b) even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the

Document Ref: YYLUA-OLFUD-8ASD7-HWMRK

subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement.  Umpqua Bank has provided and is providing information that Plaintiffs reasonably request to identify persons in the Settling Class and the alleged Overdraft Fees they incurred.  It is the Parties' intention to resolve their disputes in connection with the Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

 16.16 <u>Receipt of Advice of Counsel</u>.  Each Party acknowledges, agrees and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained in Section XII above, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

**PLAINTIFFS**

*Shela Camenisch*
_____
Shela Camenisch

*Dale Dean*
_____
Dale Dean

*Luna Baron*
_____
Luna Baron

*Eva King*
_____
Eva King, individually and as trustee of
the Eva M. King Trust

Page 23 of 24

**UMPQUA BANK**

_____
Maria Seip
Capacity: Senior Vice President and
Deputy General Counsel

**CLASS COUNSEL**

_____
Amy M. Zeman

_Scott Silver_

_____
Scott L. Silver

**Approved as to Form:**

**UMPQUA'S COUNSEL**

_____
Keith Ketterling

Page 24 of 24

Eva King, individually and as trustee of
the Eva M. King Trust

**UMPQUA BANK**

Maria Seip
Capacity: Senior Vice President and
Deputy General Counsel

**CLASS COUNSEL**

Amy M. Zeman

Scott L. Silver

**Approved as to Form:**

**UMPQUA'S COUNSEL**

Keith Ketterling

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
Z6S8X-UHDR6-ADDJA-2UEVZ

DOCUMENT COMPLETED BY ALL PARTIES ON
02 MAY 2025 00:39:59 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **SCOTT SILVER** | SENT | |
| | 02 MAY 2025 00:26:49 UTC | |
| EMAIL | VIEWED | |
| SSILVER@SILVERLAW.COM | 02 MAY 2025 00:39:11 UTC | |
| | SIGNED | |
| | 02 MAY 2025 00:39:59 UTC | |

*Scott Silver*

IP ADDRESS
107.115.227.86

LOCATION
MIAMI, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
02 MAY 2025 00:39:11 UTC





# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**YYLUA-OLFUD-8ASD7-HWMRK**

DOCUMENT COMPLETED BY ALL PARTIES ON
**02 MAY 2025 02:52:31 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**SHELA DEAN**

EMAIL
**SHELADEAN@GMAIL.COM**

SHARED VIA
**LINK**

SENT
**02 MAY 2025 02:44:19 UTC**

VIEWED
**02 MAY 2025 02:44:32 UTC**

SIGNED
**02 MAY 2025 02:45:13 UTC**

*Shela Camenisch*

IP ADDRESS
**76.27.175.11**

LOCATION
**RICHMOND, UNITED STATES**

---

**DALE DEAN**

EMAIL
**DALEDEAN1946@GMAIL.COM**

SHARED VIA
**LINK**

SENT
**02 MAY 2025 02:44:19 UTC**

VIEWED
**02 MAY 2025 02:50:23 UTC**

SIGNED
**02 MAY 2025 02:50:46 UTC**

*Dale Dean*

IP ADDRESS
**96.248.0.198**

LOCATION
**GLEN ALLEN, UNITED STATES**



# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**YYLUA-OLFUD-8ASD7-HWMRK**

DOCUMENT COMPLETED BY ALL PARTIES ON
**02 MAY 2025 02:52:31 UTC**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|

**LUNA BARON**

EMAIL
**LUNABARON@HOTMAIL.COM**

SHARED VIA
**LINK**

SENT
**02 MAY 2025 02:44:19 UTC**

VIEWED
**02 MAY 2025 02:51:37 UTC**

SIGNED
**02 MAY 2025 02:52:09 UTC**

*Luna Baron*

IP ADDRESS
**54.183.245.41**

LOCATION
**SAN JOSE, UNITED STATES**

---

**EVA KING**

EMAIL
**EVAREDHOTHAIR@GMAIL.COM**

SHARED VIA
**LINK**

SENT
**02 MAY 2025 02:44:19 UTC**

VIEWED
**02 MAY 2025 02:52:17 UTC**

SIGNED
**02 MAY 2025 02:52:31 UTC**

*Eva King*

IP ADDRESS
**73.162.41.161**

LOCATION
**WALNUT CREEK, UNITED STATES**



 **Signed with PandaDoc**

# EXHIBIT 1

| UOA_ID | UOA_NAME |
|---|---|
| 20425 | 1986 Tennant Living Trust |
| 20490 | A Bruce Doll |
| 21656 | Aaron Johnson |
| 20046 | Aaron M. Kamins |
| 20605 | Aaron Richard Friedman |
| 21289 | Abby Bell |
| 21638 | Abel Martinez |
| 21360 | Abigail Rebecca Gilad |
| 21625 | Adam Levin |
| 20814 | Adina Ariana Beaumont |
| 20084 | Adrian and Rimon Isaac |
| 20598 | Alan Gikkas |
| 20619 | Alan J. Abendschein |
| 20928 | Alan Lee |
| 21782 | Alan Sunbeam |
| 21121 | Alan W. Ziff |
| 21388 | Albert R. Munich Jr. |
| 21173 | Alex Lee |
| 20573 | Alfred Lizak |
| 20783 | Alicea Cock-Esteb |
| 21575 | Alison Ziff |
| 21682 | Amaterasu Group |
| 21113 | Amber Seitz |
| 21674 | Amrit Samrath Singh Khalsa |
| 21301 | Amy Ferber Living Trust |
| 21705 | Amy Ferber Profit Sharing Plan |
| 20079 | Ana Linder and Luisa Martina Inca |
| 21655 | Ana Maria Ardon |
| 21560 | Ana Yamashiro |
| 21262 | Andra C. Cohn Living Trust U/A Dated June 3, 2008 |
| 20834 | Andrea Frederickson |
| 21586 | Andrea J. Faraday |
| 20921 | Andrea Yee |
| 20271 | Andrew Alpine |
| 21812 | Andrew Blanton |
| 20787 | Andrew Gillihan |
| 21721 | Andrew Howard Cook |
| 21552 | Andrew Kaus |
| 20083 | Andrew Milberg |
| 20198 | Andrew Roy Michaels |
| 21583 | Angelica Garcia |
| 20487 | Ann Greenfield |
| 21382 | Ann King Smith |
| 21007 | Ann Marie Santana |
| 20383 | Ann S. Osborn |

| UOA_ID | UOA_NAME |
|---|---|
| 20089 | Ann Wadsworth Liuzza |
| 2762 | Anna Belline |
| 20606 | Anna Greidanus |
| 21225 | Anna Maria Salvador |
| 20932 | Anne Bagatelos |
| 20919 | Anne Marie Ambuehl |
| 21743 | Anne Marie Besharat Zadeh |
| 20048 | Anne Phan |
| 21494 | Annette Amorello |
| 20052 | Anodea Judith |
| 21814 | Anya Cheng |
| 20105 | Ardath Steves |
| 21587 | Ariel Skarveland Indenbaum |
| 20315 | Arnold Fleming, Vicki Lee Shue & Stephen Lai, Jtwrs |
| 21806 | Art Levit |
| 20172 | Artemis DiMartino |
| 20701 | Arthur J. Riggs |
| 21511 | Arthur Javier |
| 20133 | Arthur Tirman |
| 20260 | Audrey Tirman |
| 20620 | August Greidanus |
| 20344 | Avrum Marcus Goldberg |
| 20981 | Barbara Galyen |
| 20561 | Barbara Goodman |
| 20486 | Barbara Klare |
| 20310 | Barbara Mascharka Smith |
| 20400 | Barbara Musser |
| 20185 | Barbara Rozen |
| 21783 | Barbara Ryals |
| 21182 | Barbara Ryan |
| 20963 | Barry Anello |
| 20314 | Barry Fadem |
| 20155 | Barry Nemrow |
| 21825 | Benjamin McKee |
| 21148 | Benjamin Moore |
| 21551 | Benjamin Reinhardt |
| 21239 | Bernard John Bersamina |
| 20088 | Beth Greer |
| 20688 | Beth Lynn Rasmussen |
| 20168 | Betsy L. Alberty |
| 21216 | Betty Barber |
| 20712 | Beverly B. Tulper |
| 20517 | Beverly Jean Weinkauf |
| 20202 | Beverly Potrop |
| 20037 | Beverly Vistara Benoit |

| UOA_ID | UOA_NAME |
|---|---|
| 20635 | Bharat Chatkara |
| 20652 | Birgess Angelus |
| 20148 | Bobbi Berens |
| 20851 | Bonnie Zell |
| 21126 | Bradley L. Kaus |
| 20794 | Breanna Moskovitz |
| 21009 | Brenda Jean Dukes |
| 21118 | Bridget Lindsay Raugh |
| 20848 | Bruce Kunkel |
| 20575 | Bruce Moore |
| 20804 | Bruce Nelson |
| 20114 | Bruce Riezenman |
| 21226 | Bruce Stephen Leivenberg |
| 20622 | Bruce Vittitow |
| 20001 | Burke Zimmerman |
| 20418 | C. Peter Gibb |
| 20876 | Caitanya Scott |
| 21667 | Camille de Mondesir |
| 3016 | Carl Frank Belline |
| 21095 | Carl Franklin |
| 20454 | Carl Hangee-Bauer |
| 21254 | Carlos J. Shelton |
| 21085 | Carmen Q. Froemke |
| 20432 | Carol A. Bella |
| 20951 | Carol J. Keys |
| 20438 | Carol J. Levow |
| 20600 | Carol Wilson |
| 21344 | Carolyn Silvestri |
| 21801 | Carolyn Walker Davis |
| 21076 | Catherine A. Millar |
| 20451 | Catherine Gilbert |
| 21611 | Catherine Henderson |
| 21458 | Catherine Spanger |
| 21671 | Catherine Zabelin |
| 21742 | Catia Asirelli |
| 21790 | Cattle Define Benefit Pension Plan |
| 21293 | Cecilia Wilcoxon |
| 21830 | Chandni Lal |
| 20654 | Chapman Family Trust |
| 20275 | Charles H. Zibitt |
| 20002 | Charles Hearsey |
| 20417 | Charles Isen |
| 21103 | Charles J. Farrell |
| 20559 | Charlotte Meloney |
| 21405 | Chernin Stendhal Family Living Trust |
| 21072 | Cheryl L. Scholar |

| UOA_ID | UOA_NAME |
|---|---|
| 20301 | Cheryl Reinhardt |
| 21050 | China Moon Laudisio |
| 21158 | Chris B. Jacobson |
| 20107 | Chris Crawford |
| 21068 | Chris Jacobsen |
| 20140 | Christian C Fleming |
| 20334 | Christian Von Eggers Doering |
| 20452 | Christine Campbell |
| 20757 | Christine E. Bachman |
| 20552 | Christine Geiger |
| 20481 | Christine J. Perkowska |
| 20045 | Christine Mohan |
| 21272 | Christopher and Jodie Spanger |
| 20983 | Christopher D. Wakefield |
| 20763 | Christopher Lewis |
| 20682 | Christopher M. Cashman |
| 20244 | Christopher Meloney |
| 20933 | Christy Ann Salo |
| 21235 | Cindy A. Mahrer |
| 20791 | Claire Peaslee |
| 21367 | Claire Verbinski |
| 20028 | Claudia Betz-Haubold |
| 21451 | Claudia Miller |
| 20382 | Claudia Miller |
| 21205 | Claudia Schwalm |
| 20940 | Clifford Robin Fenton |
| 20909 | Clinton W. McDuffie |
| 21372 | Clyde S. Sada |
| 21591 | Colin Edward Honess |
| 21321 | Colleen Daryl Alexander |
| 21738 | Coming Home of A.I.W.P |
| 21394 | Connie Hoshor |
| 21273 | Connie L. Huckaba |
| 21574 | Conroy Cavanna |
| 20403 | Constance Ruane |
| 21590 | Corey Tobia Maxon |
| 20446 | Corinne A. Geramoni Exempt Trust 11/8/80 |
| 21036 | Cort Meredith |
| 21713 | Craig Cerney Trust |
| 21107 | Cris Berns |
| 20675 | Cristine Marie Traxler |
| 21784 | Curtis Menefee |
| 20435 | Curtis Silvershield |
| 21402 | Cyle Petrig |
| 20038 | Cynthia Clarkson |

| UOA_ID | UOA_NAME |
|---|---|
| 20881 | Cynthia Colzani |
| 20538 | Cynthia Maxon |
| 20665 | Cynthia Sweet |
| 21619 | Cyrus Peter Greidanus |
| 21660 | D. Terumi O Leinow |
| 21387 | Dale Marshall Dean |
| 21788 | Dan Kenner |
| 21169 | Dana Ewell |
| 20406 | Dana Zed |
| 20375 | Daniel A. Miller |
| 20784 | Daniel Cowman |
| 20283 | Daniel Forer |
| 20324 | Daniel Glassoff |
| 21550 | Daniel Martin Inc. |
| 20612 | Daniel Raymond Spillard |
| 20246 | Daniel Tirman |
| 20774 | Daniel Wayne Sermon |
| 20831 | Dante Perry Sr. |
| 21219 | Daryl Tran |
| 20942 | Dasan Kennedy-Smith |
| 20060 | David Chen |
| 20780 | David Clayton Brady |
| 20916 | David E. Green |
| 20460 | David Edwin Purviance |
| 20861 | David James Bellecci |
| 20744 | David L. Broadbent |
| 21288 | David Lustig |
| 20262 | David M. Robinson |
| 21046 | David Michael Titus |
| 21810 | David R. Justice |
| 20221 | David R. Kliphon |
| 20502 | David Rabb |
| 20290 | David Scheufler |
| 20075 | David Waldman |
| 21192 | David Wertheim |
| 21045 | Davida Taurek |
| 21793 | Dawn Kruetzfeldt |
| 21468 | Dax Brooks |
| 21595 | Dean Rienecker |
| 20322 | Debora Farber |
| 20305 | Deborah Ann Knutson |
| 20116 | Deborah Morris |
| 21340 | Debra Dawson |
| 20024 | Debra Price |
| 21774 | Debra Zibitt |
| 20287 | Demian Solomon |

| UOA_ID | UOA_NAME |
|---|---|
| 21469 | Dena Mitchel |
| 20884 | Denis William Fitts |
| 21440 | Dennis Carmona |
| 21102 | Dennis Green |
| 20583 | Dennis Grover |
| 20530 | Dennis L. Rodebaugh |
| 21220 | Dennis Miller |
| 20839 | Dennis Wills |
| 20240 | Derek Maldonado |
| 21242 | Devaed (David) Sherman |
| 20720 | Dhyana Bohnet |
| 21134 | Diane Brown |
| 20076 | Diane Nathan Soffer; Trustee |
| 21495 | Diane Vetterlein |
| 20209 | Dianne Adel |
| 20895 | Dipti Magera Anderson |
| 21748 | Dominique Pandelle |
| 20754 | Dominique Shelton |
| 20925 | Donald G. Regner |
| 21822 | Donald Robert Morrison |
| 20109 | Donna D'Eufemia |
| 20948 | Donna McLaughlin |
| 20899 | Donna R. Cales |
| 20118 | Dora Linder |
| 20827 | Dorothy Ann Helm |
| 20123 | Dorothy Brinkman |
| 20863 | Dorothy M. Scholar |
| 21138 | Doug B. McQuinn |
| 21346 | Douglas Cooper |
| 20867 | Douglas Korb |
| 20764 | Douglas Markey |
| 21400 | Douglas Scott Mahrer |
| 20719 | Douglas Troyer |
| 21186 | Doyle Pratt Trust |
| 21491 | Dr. James Adams |
| 21517 | Ed Schollenberg |
| 20900 | Edward Collins |
| 20268 | Edward F. Murrell Jr. |
| 20030 | Edward J. McManus |
| 21201 | Edward J. Russell |
| 21074 | Edward James Hudson/Debra Beehler Hudson |
| 21170 | Edwin J. Herzog |
| 20043 | Eileen Dingle |
| 20266 | Elaine Chernoff |
| 20546 | Eleanor Hanauer |

| UOA_ID | UOA_NAME |
|---|---|
| 20282 | Eli Jaxon-Bear |
| 21580 | Elijah Charles Greidanus |
| 20864 | Elisa Skarveland |
| 21653 | Elise Carroll |
| 21191 | Elizabeth Ann Goldblatt |
| 20618 | Elizabeth Baker |
| 20564 | Elizabeth Claire Barnet |
| 21267 | Elizabeth Claire Moore |
| 21509 | Elizabeth Heidi Huchberger |
| 20603 | Elizabeth Kilner |
| 20727 | Elizabeth Sosnick |
| 21037 | Elke Reinhardt |
| 20389 | Elke Reinhardt Trust Est. 2/20/2006 |
| 21053 | Ellen Eatough |
| 20096 | Ellen Fineberg |
| 20496 | Ellen Marie Jackson |
| 21034 | Elliot Erdman |
| 21481 | Elmo Charles Froemke III |
| 20955 | Elyse Vosburg |
| 21692 | Emma Carter & Joshua Leo Hobbs |
| 21529 | Eric Greidanus |
| 20658 | Eric H. Brand |
| 21146 | Eric Steven Zell |
| 21577 | Erica Jacobs |
| 21183 | Erin Ackenheil |
| 21200 | Erin Carney |
| 20359 | Estate of Judith Weinberg |
| 20416 | Estate of Margaret Deane |
| 20752 | Eugene Gebow |
| 21496 | Eugene Ziff |
| 20357 | Eva M. King |
| 21077 | Eva Maria Czubak |
| 20264 | Eva Shoshany |
| 20099 | Eve Solomon |
| 21447 | Everett Senter Jr. |
| 20092 | Faith Boyarin |
| 20213 | Farid Cinemaie |
| 20702 | Farroukh Amini |
| 20962 | Felicia Ann King-Arye |
| 21122 | Fern Jeffcoat |
| 21519 | Fiona Sullivan |
| 21308 | Firooz Palizi |
| 20444 | Frances Cole Survivor Trust Established under Trust agreement dated 5/29/89 |
| 20197 | Frances Crosse |
| 20125 | Frances Kalfus |

| UOA_ID | UOA_NAME |
|---|---|
| 20483 | Frances Lerner |
| 20604 | Francesca McCartney |
| 20439 | Francesca V. Becker |
| 20166 | Francine B. Smolen |
| 21157 | Francis Michael Curran |
| 21639 | Francisco J. Cruz |
| 21133 | Frank J. Lange |
| 20716 | Fred Amini and Nancy Garner |
| 20414 | Frederic Bauthier |
| 20397 | Fredrick Heiman |
| 21336 | Fu-Tung Cheng |
| 20759 | Gabriel Phillips |
| 21637 | Gabrielle Javier |
| 20849 | Gail Bunge |
| 20535 | Gail Deutsch |
| 21759 | Gail Krowech |
| 21908 | Gangaji Foundation Retirement Plan |
| 20178 | Gary & Alice Nadler Joint Tenants with Right of Survivorship |
| 20891 | Gary Cole |
| 21093 | Gary Fisher & Alex Zaphiris |
| 20994 | Gary M. Priest |
| 20420 | Gary S. Berger |
| 21417 | Gary Stephen Kleiman |
| 21000 | Gavin Archbald |
| 20536 | Gavin Wittje |
| 20455 | Gayla Gilbert |
| 20634 | Geeta Vohra |
| 21829 | Geoffrey R. Rojas |
| 21067 | Georgia Linzmeyer |
| 20855 | Gera Korte |
| 21292 | Geri Ellen Stern |
| 20522 | Gillian Parker |
| 21167 | Gina Scagliola Collier |
| 20219 | Giorgio Allegro |
| 21559 | Giovanna Malhotra |
| 20988 | Giovanna Taormina |
| 21374 | Giovanni Donovan |
| 21099 | Gisela Greene |
| 20847 | Giti Jomehri |
| 21553 | Glenn Allen |
| 20187 | Glenn H. Fleisch |
| 21018 | Glenn James |
| 21731 | Golden Gate Center For Spiritual Living |
| 20280 | Grace M. Stella |
| 20377 | Grace Purusha |

| UOA_ID | UOA_NAME |
|---|---|
| 20352 | Gregor Chello |
| 20033 | Gregory Anton |
| 21274 | Gregory Richards Brown |
| 21537 | Gregory Youngblood |
| 21700 | Greidanus Irrevocable Trust |
| 20309 | Guy Erdman |
| 21256 | Gwyn L. Reed |
| 21485 | Gyorgy Family Trust |
| 20156 | H. Robert Noble |
| 20956 | Hal Forman |
| 21753 | Hana Lee Erdman |
| 20386 | Hanks Inc. Profit Sharing Trust |
| 21600 | Hannah Kopp-Yates |
| 21261 | Hans Paul Vogl |
| 20042 | Harald Richard Heede |
| 20126 | Harold D. Adler |
| 20453 | Harold Jesse Ewing |
| 20602 | Harold Stone |
| 20944 | Harriet Bye |
| 20029 | Harvard Management Corporation, Inc. |
| 20713 | Harvey B. Moskovitz |
| 20078 | Harvey L. Schwartz |
| 21128 | Heather Moltz |
| 21479 | Helen Newsom |
| 21641 | Henri Illien Trust |
| 21497 | Hilary Anne Brown |
| 21430 | Hilary Anne von Haunalter |
| 20018 | Hilary Winslow |
| 20782 | Hillary C. Emer |
| 20343 | Home & Hearth Inc. (Peter & Ada Ross) |
| 20639 | Hong Jin |
| 21909 | Hortensia Bertha Segovia Montoya or Juan Vicente Hernandez Segovia |
| 21648 | Ian Hutagalung |
| 21456 | Ian Noah |
| 20897 | Ian Richard Tuller |
| 21048 | Ilona Marshall |
| 21658 | Inessa Hearsey |
| 21694 | Inge Monteith |
| 20433 | Ingrid Ammondson |
| 21756 | Ingrid Iacovetto |
| 21139 | Ingrid Maurer |
| 21818 | Intuitive Development Incorporated |
| 20170 | Ira Rechtshaffer |
| 20732 | Irene Newmark |

| UOA_ID | UOA_NAME |
|---|---|
| 21686 | Irrevocable Special Needs Trust FBO Lucile L. Condrill |
| 21665 | Iryna Pysareva |
| 21149 | Ivory J. Sidell |
| 21800 | Jack Bernstine |
| 21129 | Jack G. Tuls |
| 21573 | Jacqueline Burns |
| 20320 | Jacqueline French |
| 20510 | Jacqueline S. Chan |
| 21247 | Jacques Achsen |
| 20676 | Jacques Andre Charmant |
| 20347 | Jad Chamcham |
| 20082 | Jai Josefs |
| 21528 | Jaime Campbell |
| 20207 | James A. Kerr |
| 21130 | James Dumars |
| 20023 | James H. Cogan |
| 21459 | James H. Metcalfe |
| 20157 | James Jacobs |
| 20512 | James May |
| 21047 | James R. Scagliola |
| 21579 | James Scagliola c/f Coral Eugene Bacigalupi |
| 21695 | James Scagliola c/f Dominic Arthur Collier |
| 21720 | James Scagliola C/F Elizabeth Louise Collier |
| 21615 | James Scagliola C/F Orion Anthony Kesteron |
| 21702 | James Scagliola c/f Terran James Kesterson |
| 21540 | Jamie L. Millican |
| 20215 | Jan Dickinson Wood |
| 21673 | Janardhan Chodagam |
| 21399 | Jane Berger |
| 21750 | Jane Bonvallet |
| 21092 | Jane Corey |
| 20191 | Jane Valerius |
| 20015 | Janet DiPaolo |
| 21044 | Janet Rostad |
| 20339 | Janice Edl Stein |
| 20468 | Janice Kaplan |
| 21070 | Janice M. Tweedy |
| 21298 | Janna Rudolph and Warren Wertheimer |
| 21176 | Jannell Shaw |
| 21087 | Jantje Perry |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21463 | Jason Blackman |
| 21635 | Jason Lustig |
| 20873 | Jason Moskovitz |
| 21278 | Jason Pettinato |
| 20555 | Jay A. Mayer |
| 21549 | Jayme Kate Heller |
| 21532 | Jean Berwick |
| 21744 | Jean Claude Besharat Zadeh |
| 20497 | Jeanette  Elizabeth Drew |
| 21202 | Jeanne Buckens |
| 21592 | Jeanne Glargaard Byrne |
| 20151 | Jeanne S. Spenard |
| 20771 | Jeanne Woods |
| 20297 | Jeff & Rosewitha Smith Family Trust |
| 20857 | Jeff Kaus |
| 21796 | Jeffrey Lynn Sermon |
| 21781 | Jeffrey Schwartz |
| 21413 | Jeffrey Smith |
| 20424 | Jeffrey Taggart |
| 20525 | Jeffry Anderson |
| 21629 | Jenner Musser-Weck |
| 21315 | Jennifer A. Thiermann |
| 21493 | Jennifer Andrews |
| 21809 | Jennifer Collins |
| 20325 | Jennifer Jo Messina |
| 20050 | Jennifer Lolley |
| 20534 | Jeramy Bede |
| 20526 | Jerelyn Jacobson |
| 21555 | Jeremy Leary |
| 21628 | Jeremy Reynard |
| 21631 | Jesenia Gold |
| 20660 | Jessica Barrilleaux |
| 20162 | Jessica Ferrar |
| 21609 | Jessica Garcia |
| 20064 | Jessica Orchier |
| 21746 | Jia Deng |
| 21097 | Jilda V. Loomis |
| 21604 | Jill B. Du |
| 20870 | Jill Barker |
| 20085 | Jill Gilbert |
| 20100 | Jill Teitelman |
| 20721 | Jill Vittitow |
| 20245 | Jill Wolf |
| 21434 | Jim C. Sciaroni |
| 20551 | Jo Ellen Bradley |
| 20367 | Joan Barkus Leopold |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21123 | Joan D. Ziff |
| 20380 | Joan McPhaul |
| 20224 | Joan Webb |
| 20338 | Joann DePetro |
| 21021 | Joanna Martinelli |
| 21052 | Jocelyn Miguel |
| 20208 | Jodi Gold |
| 20143 | Joel Rubenzahl |
| 21307 | Joesph H. Koppal |
| 20554 | Johanina Wikoff |
| 21802 | Johanna Stefanski |
| 21767 | John A. Mangini & Co., LLP Profit Sharing Plan f/b/o John A. Mangini |
| 21768 | John A. Mangini & Co., LLP Profit Sharing Plan f/b/o Miriam Mangini |
| 21211 | John Alilovich |
| 21423 | John Althuizen |
| 21811 | John B. Leira |
| 20087 | John Becker |
| 21610 | John Behrens |
| 20889 | John C. Watkins |
| 21618 | John Cooley, III |
| 20843 | John Feld |
| 20755 | John Francis Hogan III |
| 21504 | John G Day |
| 20941 | John G. Gouldthorpe; II |
| 21384 | John Hansen |
| 21248 | John Herbert Skinner |
| 20609 | John Karr |
| 20954 | John Lyle Seago |
| 20498 | John M.S. Nadler |
| 21565 | John Mayginnes & Rep Payee For Ambrosia Lolley Mayginnes |
| 21709 | John Mayginnes, Trustee of the Richard Steven Ahl Living Trust |
| 21786 | John Moreschi |
| 20225 | John Mulcahy-Morgan |
| 20756 | John Palmer |
| 21222 | John Paul Lazzaretto |
| 21236 | John S Mayginnes Separate Property Trust Dated June 8, 2000 |
| 20875 | John Schaeffer |
| 21761 | John T. Mcdonald |
| 21317 | John Trimble |
| 21285 | John W. Schaumleffel |
| 20327 | John West |

| UOA_ID | UOA_NAME |
|--------|----------|
| 20131 | Jon Anthony Turner |
| 21224 | Jon Carroll |
| 20825 | Jon Luvaas |
| 20298 | Jonathan Gavzer |
| 20595 | Jordan Weitz |
| 20547 | Joseph A Spair |
| 21172 | Joseph Lee Bauer |
| 21049 | Joshua Berns |
| 20253 | Joshua Deitch |
| 21096 | Josie T. Whitehurst |
| 20251 | Joyce Gertler |
| 21725 | Juan C. Mora |
| 20596 | Judith Ann Thomas |
| 20115 | Judith B. Friedman |
| 20308 | Judith Erdman |
| 20918 | Judith Greenleaf |
| 20582 | Judith Rich |
| 20513 | Judith V. Ingala |
| 20995 | Judithe Nicolai |
| 20745 | Juleen Latvala |
| 21752 | Julia Earl |
| 21563 | Julia Lynn Zabelin |
| 21596 | Juliana Javier |
| 20281 | Julianne Donahue |
| 21492 | Julie J. Skinner |
| 20456 | Julie M. or Jerald Barry Brown Jtwros |
| 21546 | Julie Reynolds |
| 20387 | Jupiter Limited Partnership |
| 20993 | Kamura Taylor |
| 21151 | Karen C. Bagatelos |
| 21420 | Karen Carson |
| 20062 | Karen Perry |
| 20086 | Karen Petersen |
| 20010 | Karen Solomon |
| 21297 | Karen Vyner-Brooks |
| 20423 | Karin  A. Kinsey |
| 20769 | Karyl Lynn Huntley-Sadler |
| 20008 | Karyn Young |
| 20337 | Kate Bayer |
| 20378 | Kate Phillips |
| 20700 | Katherine Bedeian |
| 20953 | Katherine Q. Revoir |
| 21357 | Katherine Q. Revoir Trust |
| 21127 | Kathleen Ann Hallin |
| 20415 | Kathleen E. Curry |
| 21514 | Kathleen Gildred |

| UOA_ID | UOA_NAME |
|--------|----------|
| 20303 | Kathleen J. Lai |
| 21249 | Kathleen Pepe |
| 20777 | Kathleen S. Miller |
| 20871 | Kathleen Samson |
| 21343 | Kathryn Hecht (Jordan-Hecht) |
| 20504 | Kathryn Preece |
| 21414 | Kathryn Williams Stewart |
| 20134 | Kathy Altman |
| 20613 | Kay Komoroske |
| 21636 | Kaylin Lustig |
| 21775 | Keith Kruetzfeldt |
| 20336 | Keith Merron |
| 20786 | Kelli Winona Buck |
| 21165 | Kelly DiVirgilio |
| 20997 | Kemp Bennett |
| 20248 | Ken Cortland Trust 2001 (Kenneth Jay Kirschenbaum) |
| 20910 | Ken Kaufman |
| 20063 | Ken Swinarski |
| 20236 | Kenneth Chasser |
| 20766 | Kenneth Lewis Halpern |
| 21779 | Kenneth Silverman |
| 20663 | Kerry Golemon Schwartz |
| 20737 | Kerry Loeb |
| 21602 | Kevin Buckley |
| 21429 | Kevin Carl Duarte |
| 21807 | Kevin Hicks |
| 20333 | Kevin Loughman |
| 21593 | Kiah Bosy |
| 20058 | Kim Manchester |
| 20012 | Kimberly Tubbs |
| 20892 | Kirk Blair Snyder |
| 21603 | Kirsten Findlay Revocable Living Trust |
| 20950 | Kitt Erin Stevens |
| 21585 | Kristin Hamilton |
| 21534 | Kristin Nauth |
| 20699 | Kristine G. Kuebler |
| 21241 | Kuno Anselm |
| 20709 | Kurt Anderson |
| 20533 | Laconia Investments |
| 21071 | Larry D. Johnsen |
| 21214 | Larry Donegan |
| 20630 | Laura A. Barry |
| 20830 | Laura Coogan |
| 20886 | Laura J. Gouldthorpe |
| 20478 | Laura Kradjan-Cronin |

| UOA_ID | UOA_NAME |
|---|---|
| 21327 | Laurelyn Borst |
| 20581 | Lauren Ann Darges |
| 20365 | Lauren Vela |
| 20650 | Laurene Smith |
| 20074 | Laurie Ann Jacobson |
| 20574 | Laurie Ann Jacobson Charitable Trust |
| 21823 | Laurie Feinberg |
| 21612 | Lawrence Stentzel IV |
| 21747 | Leah Lazar |
| 21229 | Leah Lazzarini |
| 20820 | Lee Morgan |
| 21722 | Leela Foundation Retirement Plan |
| 20894 | Lei Lani Stroud |
| 20307 | Leila Mahtab Sharifi |
| 21409 | Lenore J. Cantrell |
| 20235 | Leoanard Jacobs |
| 21545 | Leonard Sherman |
| 20286 | Leonard Tirman |
| 21527 | Leslie K. Campbell |
| 20458 | Leslie Susan Harari |
| 21031 | Lewis R. Judd |
| 20073 | Lewis Weiss |
| 21408 | Liana Forest |
| 20996 | Liana Paolella |
| 21330 | Lila Luk |
| 21287 | Lily Gelb |
| 20640 | Linda Blacketer and Dan Dodt Family Revocable Trust Dtd 10/27/17 |
| 20747 | Linda Booth |
| 21498 | Linda Joan Schulz |
| 21253 | Linda Marquez |
| 21710 | Linda Marquez Trust |
| 20101 | Linda McNulty |
| 20800 | Linda Olson |
| 20106 | Linda S. Nicoletto |
| 20104 | Linda Schuller |
| 20541 | Linda Sherwood |
| 21131 | Linda Westmoreland |
| 21164 | Lindsay Divirgilio |
| 20485 | Lindy Woodard |
| 21328 | Lionel Aiken |
| 21745 | Liping Cui |
| 20256 | Lisa Burke |
| 21355 | Lisa Chipkin |
| 20441 | Lisa de Mondesir |
| 21418 | Lisa Marie Poksay |

| UOA_ID | UOA_NAME |
|---|---|
| 20748 | Lisa Travis |
| 21153 | Liza C. Brown |
| 20239 | Liza Maldonado |
| 20401 | Loic Massias |
| 20229 | Lori Saltzman |
| 21824 | Lori Schwanbeck |
| 20572 | Lorraine Carroll |
| 20976 | Louise L. Murphy Trust |
| 21464 | Luna Baron |
| 20428 | Luzie Tison |
| 20591 | Lynn Beckerman |
| 20113 | Lynn Claire Leonardi |
| 20810 | Lynn Marie and John Lumiere-Wins |
| 21057 | Lynne E. Daniels |
| 21032 | Lynne Smith |
| 20878 | Lynne Williams |
| 21651 | Lynsey F. Palmer (Cumberford) |
| 20413 | Madeleine Altmann |
| 20965 | Madeleine Dart Curtis |
| 21010 | Maitri Joy |
| 20645 | Manuel Mendoza |
| 20175 | Marcy Baskin |
| 20644 | Margaret Caffery |
| 21395 | Margaret Elizabeth Bourne |
| 21798 | Margaret Jean DeVries |
| 20477 | Margaret Myers Paul |
| 20231 | Margaret Wakeley |
| 20768 | Margaret Weber |
| 20220 | Margot Anand |
| 21466 | Marguerite Courtney |
| 20934 | Maria Aida Sandoval |
| 21320 | Maria Molino |
| 21132 | Maria Rosenthal |
| 20184 | Mariah Morelli Day |
| 20896 | Mariah Parker |
| 20853 | Marian O'Dowd |
| 20856 | Marianne Mahoney |
| 20108 | Marie- Charlotte de Bellefroid |
| 20852 | Marie Jose Dauphin |
| 20136 | Marie Pardi |
| 20879 | Marie Strata Lavin |
| 21162 | Marie T. Lomonaco Trust |
| 20689 | Marilyn Jeffcoat |
| 20966 | Marilyn Knecht |
| 20845 | Marilyn Oliva |
| 20464 | Marilyn Vallier |

| UOA_ID | UOA_NAME |
|---|---|
| 21051 | Mario Bravo |
| 21416 | Mario G. Silvestri |
| 20331 | Marion T. Millar Rev Trust U/A Dtd 9/24/2002 |
| 21175 | Marisa Silvestri |
| 21815 | Mark A. Coleman |
| 20511 | Mark Cunningham |
| 21054 | Mark Fleischman |
| 20302 | Mark French |
| 21206 | Mark Illeman |
| 20601 | Mark J. Sterns |
| 21547 | Mark Lee Shue |
| 20542 | Mark Meyerzon |
| 20570 | Mark Rizzo |
| 21548 | Mark T. Lee Shue |
| 20705 | Markus Greer Baue |
| 20585 | Marlene Verner |
| 21163 | Marta Hutz |
| 20036 | Martha Jean Purviance |
| 20772 | Martha Lynn Cate |
| 20972 | Martin Bernbaum |
| 21109 | Martin Diamond |
| 20203 | Martin Harvey Potrop |
| 21646 | Martin Harvey Seipp Trust |
| 20390 | Martin Harvey Seipp Trust |
| 20237 | Martin Shapiro |
| 20704 | Mary A. Moehle |
| 20930 | Mary Ann Granieri |
| 20395 | Mary Beth McClure |
| 20254 | Mary Durst Trust |
| 21342 | Mary Evelyn Jordan |
| 21195 | Mary Green |
| 20828 | Mary Helm and Michael Buckley |
| 20638 | Mary Jane Soares |
| 21533 | Mary Jean Espulgar-Rowe |
| 20811 | Mary Murray Shelton |
| 20832 | Mary Roy Michaels |
| 21601 | Maryam Palizi |
| 20228 | Masumeh Lydia Sharifi |
| 21633 | Matt Shutman |
| 21664 | Matt Vosburg |
| 21621 | Matthew Cavanna |
| 21797 | Matthew Reynolds |
| 21607 | Matthew Ryan Letson |
| 21223 | Maureen McVerry |
| 20985 | May W. Roberts |

| UOA_ID | UOA_NAME |
|---|---|
| 20975 | Maya Johnson |
| 20984 | Mel Kiyama |
| 20369 | Melina Meru |
| 21507 | Melinda Leithold |
| 20664 | Melinda Reynard |
| 21453 | Melissa Kzaz |
| 20318 | Melissa Lai |
| 21215 | Michael Bagatelos |
| 20982 | Michael Carl Heumann |
| 20068 | Michael E. Roche |
| 20311 | Michael French |
| 20316 | Michael I. Schapiro |
| 20742 | Michael Leary |
| 20803 | Michael Luchino |
| 21379 | Michael Maendl |
| 21760 | Michael N. Laskoe |
| 20710 | Michael N. Tulper |
| 20728 | Michael Sommer |
| 20806 | Michael Veys |
| 21105 | Michael Zabelin |
| 20368 | Michaela McGivern |
| 21362 | Michele Anne Kittinger |
| 20725 | Michele Campbell |
| 21512 | Michele Elliott |
| 20471 | Michele L. Elliott Exempt Trust U/A Dtd 5/20/10 |
| 21755 | Michele Marie Hogan |
| 21341 | Michelle Callaghan |
| 20527 | Midhat Memisevic |
| 20977 | Mike McInnis |
| 21581 | Mikhela Ahl |
| 20695 | Mildred L. Reff Ttee |
| 20883 | Miles R. Hobbs |
| 21557 | Milia Youssef Jarjoura |
| 20119 | Mindia Klein |
| 21740 | Miriam C. Clark Family Trust FBO Anthony Clark, Richard G. Cole Trustee |
| 21741 | Miriam C. Clark Family Trust FBO Teresa Clark, Richard G. Cole Trustee |
| 20824 | Miriam Lichtenstein |
| 20379 | Miriam Phillips |
| 21642 | Momoko Ito |
| 21238 | Morgan Krizan |
| 20205 | Morgan Robert Reiter |
| 20095 | Moses Kravitz |
| 20500 | Muriel Mahrer |

| UOA_ID | UOA_NAME |
|---|---|
| 21184 | Nadia Terras |
| 20044 | Nadine Soffer |
| 21715 | Nakota Ashstarte Estate (Brian J. Fuquay) |
| 20566 | Nalini Chodagam |
| 20694 | Nancy A Van Horn |
| 20007 | Nancy Ann Morris |
| 21354 | Nancy Gimblin |
| 20405 | Nandi Devam |
| 21141 | Naomi Baran |
| 21670 | Naomi Marks |
| 21207 | Nasus Aransu |
| 21626 | Natalie Foote |
| 20238 | Natalie Lai |
| 21376 | Nathalie Babazadeh |
| 21751 | Nathaniel Chavin |
| 20540 | Neal Rogin |
| 21562 | Nicholas Robert McInnis |
| 21632 | Nicholas Zabelin |
| 21564 | Nick Slater |
| 20785 | Nicole Knowlton |
| 20189 | Nicole Sumner |
| 21124 | Nina P. Zabelin |
| 21145 | Ningay Nancy Sing |
| 21334 | Nissim Revocable Trust |
| 20821 | Nita Slater |
| 21101 | Noreen Simko |
| 20292 | Norman Mintz |
| 20812 | Paho Olive |
| 20999 | Pamela Bates |
| 20978 | Pamela Gaffney |
| 20059 | Pamela Glassoff |
| 20648 | Pamela Mercer Hilt |
| 21470 | Pamela Mitchel-Piccinini |
| 20495 | Pamella M. Cavanna |
| 20274 | Parmatma S. Khalsa |
| 20836 | Patricia D. Watkins |
| 20407 | Patricia Fields |
| 20426 | Patricia Leah Lazar |
| 20666 | Patricia Louise Minolli |
| 20992 | Patricia Michel |
| 21392 | Patricia Norman |
| 20765 | Patricia Riley Miller |
| 20269 | Patricia Sommers |
| 21060 | Patricia Winters |
| 21794 | Patrick Sheridan |

| UOA_ID | UOA_NAME |
|---|---|
| 21232 | Paul Babbitt |
| 20394 | Paul D. Clark |
| 21476 | Paul Jeffcoat |
| 20323 | Paul Kimmel |
| 21279 | Paul Petrig |
| 21004 | Paul S. Greidanus |
| 20494 | Paul Tison |
| 20252 | Paul Valenti |
| 21319 | Paul van Ravenswaay |
| 20505 | Paul W. Kandel |
| 20859 | Paula J. Zamora |
| 20584 | Paula Koepke |
| 21415 | Paule A. Oudet |
| 21599 | Paule-Dominique Anneheim & Ginette Besso-Pianetto |
| 21556 | Pema Sherpa |
| 21028 | Pennie D. Hutt |
| 20960 | Penny J. Denney |
| 20858 | Perry Kirshenblatt |
| 21358 | Peter A. Bagatelos |
| 20593 | Peter and Ada Ross |
| 21805 | Peter Hinckle |
| 21347 | Peter Howard |
| 20227 | Peter January |
| 20258 | Peter Ujlaki |
| 21649 | Peter Zabelin |
| 21787 | Philip Gorny |
| 20097 | Philip J. Servedio |
| 21435 | Philip Lastreto |
| 21282 | Phoenician Investment,LLC |
| 20182 | Phyllis Matyi |
| 20722 | Phyllis Narum |
| 20671 | Pierce Family Trust |
| 21608 | Poonam Gujral |
| 20270 | Premsiri Linda Joy Lewin |
| 21291 | Priscilla Regalado |
| 21019 | Prudence Miller |
| 20516 | Puff Family Revocable Trust |
| 21723 | Quality Used Car Rental |
| 20795 | Quinn Schumaker |
| 21484 | Rachel Hannah |
| 21263 | Rachelle S.E. Winterbourne |
| 20749 | Rae Ann Gustafson |
| 21023 | Rain Laudisio |
| 21313 | Raleigh Patrick Spiger |
| 20633 | Rama Sethi Gulati |

| UOA_ID | UOA_NAME |
|--------|----------|
| 20450 | Ramin Akhbari |
| 20402 | Ramon C. DeAngelo |
| 21270 | Randal Churchill |
| 20120 | Randall Alifano |
| 21082 | Randy Mahrer |
| 20492 | Raymond Grott |
| 20974 | Raymond William Kaliski |
| 21391 | Rebecca Cernich |
| 21826 | Rebecca Fleischer |
| 21522 | Rebecca Klein |
| 21520 | Rebecca or Walter Bess |
| 20009 | Rebecca S. Hartley |
| 21316 | Regina Ann Chase |
| 20493 | Renee Schley-May |
| 20121 | Renee Valet |
| 20004 | Rhonda Fisher |
| 20372 | Rhonda Karsch |
| 20717 | Richard A. Landry |
| 21120 | Richard Bell |
| 20067 | Richard Danon |
| 20272 | Richard G. Cole |
| 20445 | Richard G. Cole Trustee of the Cole Marital Trust |
| 21477 | Richard Leivenberg |
| 20027 | Richard McLeod |
| 20017 | Richard N. Gervais |
| 21780 | Richard Provasoli |
| 21306 | Richard R. Bouck |
| 21762 | Richard R. Rea |
| 21785 | Richard S. Sogg |
| 20025 | Richard Santoro |
| 21518 | Richard Schollenberg |
| 21043 | Richard William Travis |
| 21503 | Rick Pacheco |
| 20070 | Risa Kaparo |
| 21703 | Rising Heart Consulting, Inc. |
| 20684 | Rita C. Martin Irrevocable Trust |
| 21708 | RLS1 Investment LLC |
| 21704 | RMJ Wilson family LLC |
| 20294 | Robert Bagnato |
| 21452 | Robert Berling |
| 20066 | Robert Diskint |
| 21144 | Robert Earle |
| 21480 | Robert Hill |
| 20643 | Robert Hines Jr. |
| 20463 | Robert Holtz |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21406 | Robert Joseph Cordova |
| 21359 | Robert Luis Ramos |
| 21204 | Robert Meyer |
| 20300 | Robert Molino |
| 20711 | Robert Moss Friedman Trust |
| 21570 | Robert N. DeRoss; Jr. |
| 20901 | Robert Peterson |
| 21380 | Robert Putzi |
| 20520 | Robert Switzer |
| 21454 | Robert W. Bailey |
| 20342 | Roberta Anthes |
| 20169 | Roberta J. Mollot |
| 21233 | Robin Altman |
| 20150 | Robin David |
| 21424 | Robin Gifford |
| 21178 | Robin Kohn Glazer |
| 21275 | Robin L. Schild |
| 21228 | Robin Sparks |
| 20714 | Rod Heschong |
| 20312 | Rod Verner |
| 21260 | Rodney D. Sharp |
| 21652 | Rodney Dunivan Sharp or Maria Margaretha Ida Schaefer-Sharp, Ttees of The Schaefer-Sharp Family Trust Dtd 3/3/16 |
| 21208 | Roger DiVirgilio |
| 21427 | Roger H. Douglas |
| 20790 | Roger Miller |
| 20880 | Roger Vosburg |
| 20329 | Roger W. Meadows |
| 20571 | Rollin Scott Feld |
| 20263 | Ronald & Grace Stella Beickert |
| 21266 | Ronald & Nhung Helling |
| 21813 | Ronald D. Hooper |
| 20758 | Ronald Morgan |
| 20139 | Rose Viggiano |
| 20751 | Ross W. and Laurie E. Bishop |
| 20159 | Roy Forest |
| 21425 | Ruben Ortiz |
| 21230 | Rufus Blunk |
| 20348 | Ruth Falk |
| 21831 | Ryan Alexandra London |
| 20924 | Ryan Berling |
| 21369 | Sabrina Joy Chaw |
| 21397 | Sally Fitts |
| 20679 | Sally Griffith Rondio |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21578 | Salvador Melgoza |
| 20321 | Sam Hilt |
| 21264 | Samara Pardi |
| 21594 | Samuel David Greidanus |
| 21640 | Samuel E. Mohr |
| 20313 | Samuel Goldberger |
| 20797 | Samuel Harris |
| 21147 | Samuel Moore |
| 21821 | Sandra Stumbaugh |
| 21042 | Sandra Y. Kruse (LaRusso) |
| 21161 | Sara Kamins |
| 20788 | Sasa Mlakar |
| 21462 | Sasha Alexis McInnis |
| 21772 | SBS |
| 21269 | Scott Forer |
| 20631 | Semaan Jarjoura |
| 21449 | Sequoia Miller |
| 21271 | Shady Sofia Rose |
| 21246 | Shane Memisevic |
| 21446 | Shanna Edelson-Rader |
| 20907 | Shannon Amonette Strange |
| 21142 | Shannon Cantrell |
| 21426 | Shanti Haydon |
| 20773 | Sharon Anderson |
| 20854 | Sharon Dean |
| 20872 | Sharon Hansen |
| 21286 | Sharon L. Overbey |
| 21576 | Sharon Squire |
| 20371 | Sharon Ziff |
| 20906 | Shatzi Melochi Rainbow |
| 21227 | Shela Camenisch |
| 20317 | Shelley Scammell |
| 20529 | Sheri Steinberg |
| 21789 | Sherry C. Petrini Special Needs Trust Randall J. Petrini; TTEE |
| 20667 | Sheryl Ann Nigro |
| 21500 | Sheryl Baldwin |
| 21066 | Shin-Jung Ho |
| 21364 | Shirley Bauer |
| 20102 | Shui Ping & Lenny Lai Jtwros |
| 21669 | Shuyu Liu |
| 20179 | Sidra Levi Stone |
| 21538 | Sigrun Torinus |
| 21734 | Silverman Family Trust |
| 20662 | Sima Tei |
| 21135 | Simone Martin |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21038 | Simone Scheunert |
| 21819 | Sirius Estate Trust - L. Leinow |
| 21398 | Sirra Starre |
| 21712 | SKUforce INC. (Anand Ayyar) |
| 21820 | Smakeroo Defined Benefit Plan |
| 21907 | Sofiane Boudjedaimi and Ouerdia Boudjedaimi |
| 20826 | Solana Galen |
| 21672 | Sonia Giguere Rafael |
| 20815 | Sonja Severson |
| 21663 | Sophia Elizabeth Greidanus |
| 21620 | Sophie Phelps |
| 21516 | Spencer Hahn |
| 21442 | Spilsbury Family Trust Agreement Dtd 11/9/95 restated 5/9/03 |
| 21311 | Spitzer Family Trust |
| 21617 | Sriharshavardhan N. Madatanapalli |
| 21521 | Stanford Raymond Espedal Jr. |
| 20443 | Stanley Cole Decedent's Trust; Richard G. Cole and Jan L. Cole Trustees |
| 20835 | Stanley Corzine |
| 20986 | Stephani Lewis and Athena Katsaros Trustees of The Jeanne R. Katsaros Trust Dated July 2, 1992 |
| 20427 | Stephanie J. Sanders |
| 20696 | Stephanie Phippen |
| 20563 | Stephen Edward Knecht |
| 20364 | Stephen Gross |
| 21088 | Stephen M. Clark |
| 21196 | Stephen R. Bowers |
| 21450 | Stephen R. Page |
| 20081 | Stephen Turer |
| 21098 | Stephen Wakefield |
| 20523 | Steve Showen |
| 20306 | Steve Tourdo |
| 20846 | Steven D. Hoffman |
| 20128 | Steven Halpern |
| 21114 | Steven J. Terrini |
| 20514 | Steven Rempis |
| 20519 | Steven Speelmon |
| 20362 | Steven Stept |
| 20931 | Steven Teal |
| 21058 | Steven Wertheimer |
| 20961 | Stuart Chase |
| 20440 | Sue F. Freeman Trust |
| 21385 | Sue G. Orloff Trust |

| UOA_ID | UOA_NAME |
|---|---|
| 21535 | Suki Munsell |
| 20039 | Sunny Chen Jackson |
| 21339 | Susan August |
| 21356 | Susan Brubaker |
| 20093 | Susan Cooper |
| 20016 | Susan E. Grooms |
| 20736 | Susan K. Cole |
| 20358 | Susan Kelley |
| 20590 | Susan Keyte |
| 21140 | Susan L. Toch |
| 21290 | Susan Lantis |
| 20349 | Susan Mayginnes |
| 20158 | Susan McNeil |
| 20599 | Susan Michaela Hyde |
| 21203 | Susan R. Connick |
| 20304 | Susan Sandson |
| 20419 | Susan Springer |
| 20404 | Susan Wilson |
| 21561 | Susana Pumares |
| 20479 | Susanne Hays |
| 21758 | Susanne Marianne Karch |
| 20623 | Suzanne C. Whaley |
| 20898 | Suzanne Teal |
| 20730 | Swanson Family Living Trust |
| 20167 | Syd Weiss |
| 21281 | Sylvia Maendl |
| 20370 | Tagra Joan Shanoff Dent |
| 20056 | Tamara Tschinkel Shearer |
| 21432 | Tamara Zamlich |
| 21353 | Tammra Harrison |
| 20680 | Taressa Bell |
| 20687 | Tashi Juchungtsang |
| 21090 | Tatjana Kopp |
| 20775 | Taylor Sermon |
| 20813 | Ted & Donna Greidanus Dynasty Trust |
| 20908 | Ted Turina |
| 20781 | Teresa Ann Clark Trust Dtd 8/14/97 |
| 20422 | Teresa Del Giorno |
| 21441 | Teresa Keith |
| 20868 | Teresa Marie Ribeiro |
| 20507 | Teresa Muzick |
| 21539 | Terrianne Tafreshi |
| 21059 | Terry J. Rochester |
| 21489 | Terry O'Neil |
| 20222 | Thaddeus A. Golas |

| UOA_ID | UOA_NAME |
|---|---|
| 20041 | The 2014 William R. Taylor & Jaye A. Moscariello Revoc. Trust |
| 21828 | The Arthur F. and Judy A. Levit Family Trust |
| 20117 | The Elizabeth Greason Living Trust |
| 21717 | The Gangaji Foundation |
| 21094 | The Gizewski-Tecca Living Trust |
| 20840 | The Hoggan Family Trust 2013 |
| 20503 | The Kerns Family Trust Executed 8/12/2004 |
| 20923 | The Kruetzfeldt Conant Living Trust 2018 |
| 20384 | The Lustig Family Foundation |
| 21389 | The Swanberg Miller Living Trust 2016 |
| 21685 | The Trust of Vicki Leeds; originally dated March 7; 2000 |
| 21084 | The Vivienne Verdon-Roe and Michael Porter Family Trust |
| 20625 | The Winestock Family Trust |
| 21754 | Theodore Melvin Gizewski |
| 21171 | Theresa D. Beldon |
| 20926 | Theresa Prince |
| 20049 | Thia Haselton |
| 20543 | Thomas Chesus |
| 20332 | Thomas Faimali |
| 20929 | Thomas Hecht |
| 20539 | Thomas M. Sullivan |
| 20537 | Thomas Maxon |
| 21002 | Thomas Sher, Trustee, Sher Separate Property Trust UTA May 8, 2008 |
| 21381 | Thomas Vasconcellos |
| 20703 | Thomas W. Revelle |
| 21597 | Thomas Weise |
| 20802 | Tia Lynne Christina |
| 20973 | Tim Aaronson |
| 21100 | Tim C. Cowman |
| 20731 | Timothy P. Slaughter |
| 21305 | Tina Benson |
| 20750 | Tina M. Shelton |
| 20753 | Tina Romano |
| 20006 | Toby Symington |
| 20560 | Tom Wodetzki |
| 20637 | Tom Wodetzki and Sharon Hansen Trust |
| 21177 | Toni Michelle Hafter |
| 20374 | Tony Ragona |
| 20796 | Tonya Mae Tecca |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21676 | TRA Inc. 401K Pension Plan |
| 21040 | Tracy E. Zell-Bennett |
| 20176 | Tracy John Eannetta |
| 21502 | Traute B. Jones |
| 20399 | Trisha Waldron |
| 20255 | Trudie London |
| 20776 | Turner Pope |
| 20842 | Uta Taylor |
| 20808 | Valence Wan Yu Li |
| 20124 | Vera Zaskevich |
| 20152 | Veronica A. Fluken |
| 21443 | Vicki Burns |
| 21707 | Vicki Lee Shue and Arnold Fleming |
| 21033 | Vicki Wilkerson |
| 21757 | Victor Iacovetto |
| 21474 | Victoria A. Titus |
| 20206 | Victoria Fitts Milgrim |
| 20915 | Victoria Iacovetto |
| 20129 | Victoria Kramer |
| 21558 | Victoria Maguire |
| 20580 | Victoria Prince |
| 21190 | Vincent D'Arco |
| 20230 | Vincent Lee Shue, Jr. |
| 20218 | Vincent Lee-Shue |
| 21776 | Vincent Taylor |
| 21526 | Violet S. Hanada |
| 20939 | Virgilio Tomasi |
| 21277 | Virginia L. Pierce |
| 20431 | Virginia Lee Corzine |
| 20411 | Virginia Pascoe |
| 20647 | Virginie Cochard |
| 20330 | Vivianne Nantel |
| 20885 | Walter Hillinger |
| 21174 | Walter Mazar |
| 21499 | Walter Mazar; Jr |
| 20132 | Walter Phillips |
| 21433 | Wanda Bishop |
| 21008 | Wanda Pedroni |
| 20515 | Wanda Stafford |
| 21903 | Wen Shi |
| 20945 | William C. Doyle Jr. Profit Sharing Plan |
| 20903 | William Denis Ford |
| 21431 | William G Ortiz |
| 20188 | William Horwitz |
| 21732 | William L. Hughes; Jr. |
| 20360 | William Levine |

| UOA_ID | UOA_NAME |
|--------|----------|
| 21251 | William McGee |
| 21240 | William Pennington |
| 20822 | William Prince |
| 20034 | William R. Taylor |
| 21803 | Wing & Kitty Lee Trust |
| 21276 | Wing K. Lee |
| 20661 | Woodson Thornton III |
| 21554 | Yayoi Nagano Lewis |
| 21687 | Yueli Burns |
| 20668 | Z-5 Family General Partnership |
| 21605 | Zachary Louis Slater |
| 20195 | Zena Lapidus |
| 20011 | Zev Woodrow |
| 21749 | Zhong Jin |
| 20243 | Zia Wesley |
| 21428 | Zibandeh Sadri Amini |
| 21616 | Zoe Clair Levine |
| 20145 | Zoe Hansen |
| 20970 | Zoe Harris |
| 21630 | Zoe McCartney |
| 21614 | Zoe Vavina Maxon |
| 21006 | Zoey T. Bloom |

# EXHIBIT 2

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

# If you lost money investing with PFI or PISF, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not an advertisement from a lawyer.*

- This notice is to inform you about a proposed settlement of a class action lawsuit against Umpqua Bank brought on behalf of investors who, like yourself, lost money investing with Professional Financial Investors, Inc. (PFI) or Professional Investors Security Fund, Inc. (PISF).

- The settlement will resolve a lawsuit over whether Umpqua Bank aided and abetted a fraudulent scheme perpetrated by PFI and PISF.

- The settlement will provide $55,000,000 for Class Members' compensation, settlement administration costs, attorney's fees and expenses, and potential service payments to the named Plaintiffs who represented the Class. **The attorneys who represent the Class plan to ask the Court for attorney's fees of $13,750,000, which is 25% of the settlement fund.**

- Each Class Member will receive a pro rata share of the settlement based on a percentage of their [remaining investment losses] [remaining investment losses plus prejudgment interest]. **For details on your own expected payment, see Section ___ below.**

- You do not have to do anything to receive payment. However, you have a right to object to the settlement. Your choices are:

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | **If you do nothing, you will automatically receive a share of the settlement money, if the Court approves the settlement.** |
| **OBJECT** | **Ask the Court to deny approval of the settlement.**<br><br>You can't ask the Court to order a larger settlement. The Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object. **The deadline to object is _____.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. **The Fairness Hearing is scheduled for _____.** |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The federal court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.

# BASIC INFORMATION

| 1. | Why did I get this notice? |
| --- | --- |

Records from PFI and PISF indicate that you invested with PFI and PISF, and did not receive your full investment back. The Court already sent you a notice in June 2023, informing you about this lawsuit, and giving you an opportunity to exclude yourself by August 7, 2023.

The Court sent you this notice because you did not exclude yourself from the lawsuit, and so you have a right to know about a proposed settlement and about your options, before the Court decides whether to approve the settlement.

If the Court approves the settlement, and any objections and appeals are resolved in favor of the settlement, a Court-appointed administrator will make the payments that the settlement allows. You will be informed of the progress of the settlement.

Judge P. Casey Pitts of the United States District Court for the Northern District of California is overseeing this class action and has authorized this notice. The lawsuit is known as *Camenisch et al. v. Umpqua Bank*, Case No. 5:20-cv-05905-PCP.

| 2. | What is this lawsuit about? |
| --- | --- |

The Plaintiffs claim that between 2007 and 2020, PFI and PISF ran a fraudulent scheme that used new investors' money to pay existing investors, cover shortfalls in unrelated bank accounts, and personally enrich the companies' principals.

The Plaintiffs allege that Umpqua Bank knew of the fraudulent scheme, yet continued to provide banking services to PFI and PISF.

Umpqua Bank denies that it did anything wrong and says that it did not know about any wrongdoing by PFI and PISF.

| 3. | What is a class action? |
| --- | --- |

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued— and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case, Umpqua Bank) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

| 4. | Why is there a settlement? |
| --- | --- |

The Court did not decide in favor of Plaintiffs or Umpqua Bank. The Court held a jury trial in this case in February 2025, which did not result in a win for either side because the jury could not reach a verdict. After that, the Court scheduled a second trial that would be in front of a new jury.

Instead of moving forward with the second trial, Plaintiffs and Umpqua agreed to a settlement. That way, the parties avoid the risk, cost, and delay of further litigation including appeals. Class Counsel believe the settlement is in the best interest of the Class given the risks of the case

# WHO IS IN THE SETTLEMENT?

| 5. Am I part of the settlement? |
|---|

All current Class Members are part of the settlement. Records from PFI and PISF indicate that you are a Class Member, and Class Counsel's records indicate you did not previously request to be excluded from the Class. You are therefore included in the settlement.

The Court decided that people who invested money with PFI and PISF are Class Members if:

- Their investment was through secured or unsecured debt instruments or an LLC membership purchase agreement;

- They did not recover the principal amount of their investment prior to July 14, 2020; and

- They have a valid, allowed claim in the bankruptcy proceedings, jointly administered under Case No. 20-bk-30604.

Excluded from the Class are commercial lenders to PFI and PISF, and individuals who previously asked to be excluded from the Class in 2023.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. What does the settlement provide? |
|---|

The settlement provides for Umpqua to pay $55,000,000. Of that, approximately $_____ will be distributed to Class Members. The rest will be used to pay attorney's fees, costs, and administration expenses as described in Section _ below, as well as any service payments that the Court decides to award to the Class Representatives.

| 7. How much will my payment be? |
|---|

If the Court approves the settlement, you will receive a check for your share of the settlement.

| 8. Your share of the settlement fund is based on [TBD] When would I get my payment? |
|---|

The Court will hold a hearing on _____ at _____ p.m. to decide whether to approve the settlement. If Judge Pitts approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the settlement at www.UmpquaBankClassAction.com. Please be patient.

| 9. What will I give up if the settlement is approved? |
|---|

If the Court approves the settlement, you and the other Class Members will release (give up) the right to file a separate lawsuit against Umpqua Bank for any claims that were asserted or could have been asserted in this lawsuit. Specifically, the terms of the release are as follows:

As of the Effective Date, Plaintiffs, Class Counsel, and all Class Members, each on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Umpqua Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former

directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters up to and including the date of preliminary approval of the Settlement that were or could have been alleged in this Action, including any claims that relate in any way to fraud and/or breaches of fiduciary duties committed by PFI, PISF and/or their affiliates.

# THE LAWYERS REPRESENTING YOU

## 10.   Do I have a lawyer in this case?

Yes. The Court appointed lawyers at Gibbs Mura LLP (formerly known as Gibbs Law Group LLP) and Silver Law Group to represent the Class Members. Together, these lawyers are called "Class Counsel." You do not need to hire your own lawyers because Class Counsel is working on your behalf. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 11.   How will the lawyers be paid?

Class Counsel will ask the Court to approve a payment of $13,750,000 (25% of the settlement amount) for attorney's fees and reimbursement of up to $1,500,000.00 in litigation expenses they incurred throughout this case. Any amounts the Court awards will come out of the $55,000,000 that Umpqua Bank has agreed to pay in settlement. The Court may award less than these amounts, in which case the difference will be added to the payments to the Class Members.

# YOUR RIGHTS AND OPTIONS

You have to decide now whether to ask the Court to deny approval of the settlement.

## 12.   What happens if I do nothing?

By doing nothing, you will share in the settlement, if the Court approves it.

## 13.   Why would I object?

If you want the Court to deny approval of the settlement, you need to object to the settlement. You can't ask the Court to order a larger settlement; the Court can only approve or deny the existing settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

## 14.   How do I object?

You may object to the proposed settlement in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you object in writing, you must include your full name, address, signature, the specific reasons you object to the settlement, and whether your objection applies only to you, to a specific subset of the class, or to the entire class. You must also clearly identify the case name and number (*Camenisch v. Umpqua Bank*, Case number 5:20-cv-5905-PCP). Objections must be submitted to the Court either by mail to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California. **Objections must be filed or postmarked on or before [date].**

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

## 15. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113 in Courtroom 8, 4th Floor. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Pitts will listen to people who asked to speak at the hearing. The Court may also decide how much to pay Class Counsel.

The hearing is currently scheduled for \_\_\_\_ p.m. on _____. The hearing date may change without further notice to the class. If you plan to attend, you should be sure to check the settlement website, www.UmpquaBankClassAction.com, for news of any such change. You can also check whether the hearing date has changed by accessing the case docket via the Court's Public Access to Court Electronic Records (PACER) system at http://www.cand.uscourts.gov/cm-ecf.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

## 16. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Pitts may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

# GETTING MORE INFORMATION

## 17. Are more details about the settlement available?

Yes. This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.UmpquaBankClassAction.com, by contacting Class Counsel, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

The settlement website (www.UmpquaBankClassAction.com) has answers to common questions about the settlement.

All the documents that have been publicly filed in this case are also available online for a fee through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cand.uscourts.gov/cm-ecf. This case is called *Camenisch v. Umpqua Bank*, and the case number is 5:20-cv-5905-PCP (N.D. Cal.).

You may also speak to Class Counsel by calling, emailing, or writing the following attorneys:

| Amy M. Zeman | Linda P. Lam | Wynne Tidwell |
|---|---|---|
| (510) 350-9721 | (510) 350-9722 | (510) 50-9707 |
| amz@classlawgroup.com | lpl@classlawgroup.com | *ewt@classlawgroup.com* |

**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**