# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

# If you lost money investing with PFI or PISF, you could get a payment from a class action settlement.

*A federal court authorized this notice. This is not an advertisement from a lawyer.*

- This notice is to inform you about a proposed settlement of a class action lawsuit against Umpqua Bank brought on behalf of investors who, like yourself, lost money investing with Professional Financial Investors, Inc. (PFI) or Professional Investors Security Fund, Inc. (PISF).

- The settlement will resolve a lawsuit over whether Umpqua Bank aided and abetted a fraudulent scheme perpetrated by PFI and PISF.

- The settlement will provide $55,000,000 for Class Members' compensation, settlement administration costs, attorney's fees and expenses, and potential service payments to the named Plaintiffs who represented the Class. **The attorneys who represent the Class plan to ask the Court for attorney's fees of $13,750,000, which is 25% of the settlement fund.**

- Each Class Member will receive a pro rata share of the settlement based on a percentage of their remaining investment losses.

- You do not have to do anything to receive payment. However, you have a right to object to the settlement. Your choices are:

| YOUR LEGAL RIGHTS AND OPTIONS ||
|---|---|
| **DO NOTHING** | **If you do nothing, you will automatically receive a share of the settlement money, if the Court approves the settlement.** |
| **OBJECT** | **Ask the Court to deny approval of the settlement.**<br><br>You can't ask the Court to order a larger settlement. The Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object. **The deadline to object is _____.** |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. **The Fairness Hearing is scheduled for _____.** |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The federal court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved.

1

# BASIC INFORMATION

### 1. Why did I get this notice?

Records from PFI and PISF indicate that you invested with PFI and PISF, and did not receive your full investment back. The Court already sent you a notice in June 2023, informing you about this lawsuit, and giving you an opportunity to exclude yourself by August 7, 2023.

The Court sent you this notice because you did not exclude yourself from the lawsuit, and so you have a right to know about a proposed settlement and about your options, before the Court decides whether to approve the settlement.

If the Court approves the settlement, and any objections and appeals are resolved in favor of the settlement, a Court-appointed administrator will make the payments that the settlement allows. You will be informed of the progress of the settlement.

Judge P. Casey Pitts of the United States District Court for the Northern District of California is overseeing this class action and has authorized this notice. The lawsuit is known as *Camenisch et al. v. Umpqua Bank*, Case No. 5:20-cv-05905-PCP.

### 2. What is this lawsuit about?

The Plaintiffs claim that between 2007 and 2020, PFI and PISF ran a fraudulent scheme that used new investors' money to pay existing investors, cover shortfalls in unrelated bank accounts, and personally enrich the companies' principals.

The Plaintiffs allege that Umpqua Bank knew of the fraudulent scheme, yet continued to provide banking services to PFI and PISF.

Umpqua Bank denies that it did anything wrong and says that it did not know about any wrongdoing by PFI and PISF.

### 3. What is a class action?

In a class action lawsuit, one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. The people together are a "Class" or "Class Members." The people who sued—and all the Class Members like them—are called the Plaintiffs. The company they sued (in this case, Umpqua Bank) is called the Defendant. One court resolves the issues for everyone in the Class—except for those people who choose to exclude themselves from the Class.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Umpqua Bank. The Court held a jury trial in this case in February 2025, which did not result in a win for either side because the jury could not reach a verdict. After that, the Court scheduled a second trial that would be in front of a new jury.

Instead of moving forward with the second trial, Plaintiffs and Umpqua agreed to a settlement. That way, the parties avoid the risk, cost, and delay of further litigation including appeals. Class Counsel believes the settlement is in the best interest of the Class given the risks of the case.

## WHO IS IN THE SETTLEMENT?

### 5. Am I part of the settlement?

All current Class Members are part of the settlement. Records from PFI and PISF indicate that you are a Class Member, and Class Counsel's records indicate you did not previously request to be excluded from the Class. You are therefore included in the settlement.

The Court decided that PFI and PISF investors are Class Members if:

- Their investment was through secured or unsecured debt instruments or an LLC membership purchase agreement;

- They did not recover the principal amount of their investment prior to July 14, 2020; and

- They have a valid, allowed claim in the bankruptcy proceedings, jointly administered under Case No. 20-bk-30604.

Excluded from the Class are commercial lenders to PFI and PISF, and individuals who previously asked to be excluded from the Class in 2023.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the settlement provide?

The settlement provides for Umpqua to pay $55,000,000. Of that, approximately $38,000,000 will be distributed to Class Members. The rest will be used to pay attorney's fees, costs, and administration expenses as described in Section 11 below, as well as any service payments that the Court decides to award to the Class Representatives.

### 7. How much will my payment be?

If the Court approves the settlement, you will receive a check for your share of the settlement.

Your share of the settlement fund is based on a pro rata share of the settlement, after court-approved fees, costs, service awards, and administration expenses are deducted, based on the amount of your **remaining investment loss** for investments you made after January 1, 2007**.** Your **remaining investment loss** is the amount of your principal investment that you have not received back. The **remaining investment loss** was calculated by Plaintiffs' damages expert, using data provided by the PFI Trust.

### 8. When would I get my payment?

The Court will hold a hearing on _____ at _____ a.m. to decide whether to approve the settlement. If Judge Pitts approves the settlement after that, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. You can check on the progress of the settlement at www.UmpquaBankClassAction.com. Please be patient.

### 9. What will I give up if the settlement is approved?

If the Court approves the settlement, you and the other Class Members will release (give up) the right to file a separate lawsuit against Umpqua Bank for any claims that were asserted or could have been asserted in this

3

lawsuit. Specifically, the terms of the release are as follows:

> As of the Effective Date, Plaintiffs, Class Counsel, and all Class Members, each on behalf of himself or herself and on behalf of his or her respective individual heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Umpqua Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and assigns of each of them ("Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters up to and including the date of preliminary approval of the Settlement that were or could have been alleged in this Action, including any claims that relate in any way to fraud and/or breaches of fiduciary duties committed by PFI, PISF and/or their affiliates.

## THE LAWYERS REPRESENTING YOU

**10. Do I have a lawyer in this case?**

Yes. The Court appointed lawyers at Gibbs Mura LLP (formerly known as Gibbs Law Group LLP) and Silver Law Group to represent the Class Members. Together, these lawyers are called "Class Counsel." You do not need to hire your own lawyers because Class Counsel is working on your behalf. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**11. How will the lawyers be paid?**

Class Counsel will ask the Court to approve a payment of $13,750,000 (25% of the settlement amount) for attorney's fees and reimbursement of up to $1,500,000.00 in litigation expenses they incurred throughout this case. Any amounts the Court awards will come out of the $55,000,000 that Umpqua Bank has agreed to pay in settlement. The Court may award less than these amounts, in which case the difference will be added to the payments to the Class Members.

## YOUR RIGHTS AND OPTIONS

You have to decide now whether to ask the Court to deny approval of the settlement.

**12. What happens if I do nothing?**

By doing nothing, you will share in the settlement, if the Court approves it.

**13. Why would I object?**

If you want the Court to deny approval of the settlement, you need to object to the settlement. You can't ask the Court to order a larger settlement; the Court can only approve or deny the existing settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you must object.

**14. How do I object?**

You may object to the proposed settlement in writing. You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you object in writing, you must include your full name, address, signature, the specific reasons you object to the settlement, and whether your objection applies only to you, to a specific subset of the class, or

4

to the entire class. You must also clearly identify the case name and number (*Camenisch v. Umpqua Bank*, Case number 5:20-cv-5905-PCP). Objections must be submitted to the Court either by mail to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California. **Objections must be filed or postmarked on or before [date].**

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**15. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113 in Courtroom 8, 4th Floor. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Pitts will listen to people who asked to speak at the hearing. The Court may also decide how much to pay Class Counsel.

The hearing is currently scheduled for \_\_\_\_ a.m. on _____. The hearing date may change without further notice to the class. If you plan to attend, you should be sure to check the settlement website, www.UmpquaBankClassAction.com, for news of any such change. You can also check whether the hearing date has changed by accessing the case docket via the Court's Public Access to Court Electronic Records (PACER) system at http://www.cand.uscourts.gov/cm-ecf.

After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**16. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Pitts may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

# GETTING MORE INFORMATION

**17. Are more details about the settlement available?**

Yes. This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www.UmpquaBankClassAction.com, by contacting Class Counsel, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

The settlement website (www.UmpquaBankClassAction.com) has answers to common questions about the settlement.

All the documents that have been publicly filed in this case are also available online for a fee through the Court's Public Access to Court Electronic Records (PACER) system at http://www.cand.uscourts.gov/cm-ecf. This case is called *Camenisch v. Umpqua Bank*, and the case number is 5:20-cv-5905-PCP (N.D. Cal.).

You may also speak to Class Counsel by calling, emailing, or writing the following attorneys:

| Amy M. Zeman | Linda P. Lam | Wynne Tidwell |
|---|---|---|
| (510) 350-9721 | (510) 350-9722 | (510) 350-9707 |
| amz@classlawgroup.com | lpl@classlawgroup.com | ewt@classlawgroup.com |

**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**