UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.<br><br>  Plaintiffs,<br><br>v.<br><br>UMPQUA BANK,<br><br>  Defendant. | Case No. 5:20-cv-5905-PCP<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date: May 22, 2025<br>Time: 10 a.m.<br>Place: Courtroom 8, 4th Floor (via Zoom)<br><br>Judge: Hon. P. Casey Pitts |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the Class, and Defendant Umpqua Bank have entered into a Settlement Agreement that, if approved, would fully resolve this litigation.

Having considered the motion, any response and reply, the Settlement Agreement together with its exhibits, and the record in this matter, the Court concludes that it is appropriate to direct notice in a reasonable manner to all Class Members because Plaintiffs' showing establishes that the Court will likely be able to approve the proposed settlement under Rule 23(e)(2).

**PRELIMINARY APPROVAL**

1. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Agreement.

2. The Court has reviewed the terms of the Agreement, the exhibits to the Agreement, and the Parties' preliminary approval papers. Based on its review of these papers, the Court finds that the Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of Magistrate Judge Cousins. The Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2).

3. The Agreement is the product of nearly five years of litigation, which included two motions to dismiss, two motions for summary judgment, more than 1.5 million pages of documents produced, and approximately 40 depositions. The Court granted class certification in 2022, permitting Plaintiffs' claims to be tried on a collective basis. The Parties litigated multiple motions to partially or fully decertify the class, three *Daubert* motions, and numerous motions to exclude evidence at trial. They ultimately presented the case to a jury over the course of a four-week trial featuring more than thirty witnesses.

4. The Agreement requires Class Counsel to propose a method for allocating proceeds among Class Members. A Class Member is any person who meets the class definition defined by the Court on May 24, 2023 (Dkt. 181), with the exception of two persons previously excluded from the Class by order dated September 5, 2023 (Dkt. 199). A complete list of the 1,219 Class Members who would be bound by the Settlement is attached to the Agreement as Exhibit 1.

5. Class Counsel has proposed an allocation methodology that would distribute a pro rata

share of the Net Settlement Fund to each Class Member using the ratio between (i) the Class Member's maximum net loss (as presented to the jury by Plaintiffs' damages expert), and (ii) the entire Class's maximum net loss (as presented to the jury by Plaintiffs' damages expert).

6. The Court finds that it is likely to be able to approve the plan of allocation proposed by Class Counsel as fair, reasonable, and adequate. The allocation formula has a rational basis, treats class members equitably to one another, and is recommended by experienced and competent counsel.

7. The Court therefore GRANTS preliminary approval of the Settlement, Class Counsel's proposed plan of allocation, and all of the terms and conditions contained in the Agreement.

## NOTICE AND ADMINISTRATION

8. Pursuant to the Settlement Agreement, the Parties have designated Epiq Class Action and Claims Solutions as the Settlement Administrator.

9. The Court finds that the Notice Program set forth in the Agreement—which includes notice by U.S. mail to each Class Member and notice by email to each of the 1,069 Class Members for whom Class Counsel has an email address—satisfies the requirements of due process and Federal Rule of Civil Procedure 23 and provides the best notice practicable under the circumstances. The Notice (Exhibit 2 to the Agreement) and Notice Program are reasonably calculated to apprise the Class of the nature of this litigation, the scope of the Class, the terms of the Agreement, Class Members' right to object to the Agreement and the process for doing so, and of the Final Approval Hearing.

10. The Court therefore approves the Notice attached as Exhibit B to the Zeman declaration as well as the Notice Program, appoints Epiq Class Action and Claims Solutions to serve as the Settlement Administrator, and directs Class Counsel and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Agreement and this Order.

11. Under the terms of the Agreement, the Settlement Administrator shall begin disseminating the Notice and implement the Notice Program within 14 days of this Order.

## OBJECTIONS

12. Class Members who wish to object to the Settlement may do so by submitting a written objection to the Court, postmarked no later than 45 days after the date on which Notice is first mailed or emailed.

13. For an objection to be considered by the Court, the objection must be postmarked by the deadline set forth below and set forth:

    a. The name and case number of the Action;

    b. The objector's full name and address;

    c. All grounds for the objection, stated with specificity; and

    d. Whether the objection applies only to the objector, to a specific subset of the class, or to the entire class.

## FINAL APPROVAL HEARING & SCHEDULE

14. The Court will hold a Final Approval Hearing on September 11, 2025, at 10 a.m. in Courtroom 8, 4th Floor of the Northern District of California, San Jose Courthouse, 280 South First Street, San Jose, California 95113.

15. At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) a final judgment should be entered; (c) Class Counsel's motion for attorney's fees and costs should be granted; and (d) the Service Awards sought for Plaintiffs should be approved.

16. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members other than notice on the Court's docket.

17. The Parties shall adhere to the following schedule unless otherwise directed by the Court:

| Event | Date |
| --- | --- |
| Deadline to send Initial Mailed Notice and Initial Email Notice | **June 5, 2025** (14 days after Preliminary Approval Order) |
| Deadline for Class Counsel to File Motion for Attorneys' Fees and Costs | **June 15, 2025** (10 days after Notice Begins) |
| Deadline for Class Members to Submit Objections | **July 20, 2025** (45 days after Notice Begins) |
| Deadline for Class Counsel to File Motion for Final Approval | **August 3, 2025** (14 days after Deadline for Class Members to Submit Objections) |
| Final Approval Hearing | **September 11, 2025** at 10:00 a.m. |

18. The Court hereby stays the Action pending Final Approval of the Settlement.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                                          P. Casey Pitts
                                                                          United States District Judge