1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELA CAMENISCH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UMPQUA BANK,<br><br>    Defendant. | Case No. 5:20-cv-5905-PCP<br><br>[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT **AS MODIFIED** |

Plaintiffs' Motion for Final Approval of Class Settlement (Dkt. 480) and Motion for Attorneys' Fees, Costs, and Service Awards (Dkt. 479) came before the Court for hearing on September 11, 2025, pursuant to the Order Granting Preliminary Approval of Class Settlement (Dkt. 476). Having considered the Settlement, and all papers filed and proceedings held in connection with the Settlement,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.  The Court has subjection matter jurisdiction over this action and personal jurisdiction over the parties.

2.  The Court finds that notice has been disseminated to the class in substantial compliance with the Court's Preliminary Approval Order and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3.  The Court finds the Settlement Agreement and Release (Dkt. 472-2) to be fair, reasonable, and adequate pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure. Specifically, the Court finds that (a) Plaintiffs and class counsel have adequately represented the class; (b) the Settlement Agreement and Release was negotiated at arm's length; (c) the relief provided for the class under the Settlement Agreement and Release is adequate, taking into account the costs, risks and delay of trial and appeal, the proposed method of distributing settlement payments to the class, and the proposed award of attorneys' fees, including the timing of payment; and (d) the Settlement Agreement and Release treats class members equitably relative to each other.

4.  The Court finds that CAFA notice was provided in accordance with 28 U.S.C. § 1715 and that it is appropriate to finally approve the settlement under Section 1715(d).

5.  The Court finds the requests for attorneys' fees, costs, and service awards are fair and reasonable, and approves them pursuant to Rule 23(h) of the Federal Rules of Civil Procedure. Class counsel are hereby awarded $13,750,000 in attorneys' fees and $1,261,622 in litigation expenses, to be paid from the $55,000,000 settlement amount pursuant to the terms of the Settlement Agreement and Release. In addition, the settlement administrator is authorized to pay class counsel up to $30,000 in additional funds from the settlement amount as reimbursement for expenses incurred by class counsel after the submission of their fee motion. Class counsel must provide the settlement administrator with

documentation sufficient to show the costs were incurred. Plaintiffs Shela Camenisch, Dale Dean, Eva King, and Luna Baron are hereby awarded $5,000 each, for a total of $20,000, to be paid from the settlement amount pursuant to the terms of the Settlement Agreement and Release.

6. The settlement administrator's fee of $26,344 is also approved and shall also be paid from the settlement amount.

7. Class counsel, in coordination with Umpqua Bank's Counsel and the Settlement Administrator, shall file a Final Accounting Report with the Court by September 1, 2026.

8. The Releases set forth in the Settlement Agreement and Release, in Part XII, are incorporated herein and, as of the effective date set forth therein, are binding and effective.

9. The Settlement Agreement and Release and this Judgment are binding on Plaintiffs, Class Members, and Umpqua Bank. A complete list of the 1,219 Class Members bound by the Settlement Agreement and Release and Judgment is attached to the Settlement as Exhibit 1.

10. Plaintiffs and all class members are hereby barred and enjoined from asserting any of the Released Claims, as set forth in Part XII of the Settlement Agreement and Release, including during any appeal from this Judgment.

11. This Action is hereby dismissed with prejudice and without costs, except as expressly provided herein.

12. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties to the Settlement Agreement and Release, including Plaintiffs, Class Counsel, Umpqua Bank and all Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms.

13. There being no just reason for delay, the Court, in the interests of justice, directs the Clerk of the Court to enter this Final Approval Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Dated: September 11, 2025

P. Casey Pitts
United States District Judge